STATE OF NEVADA, ON THE RELATION OF THE WELFARE DIVISION OF THE NEVADA STATE DEPARTMENT OF HEALTH, WELFARE AND REHABILITATION, PETITIONER, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, DEPARTMENT FOUR THEREOF, AND THE HONORABLE THOMAS J. O'DONNELL, PRESIDING JUDGE, RESPONDENTS.

No. 5977

November 26, 1969                              462 P.2d 37

*Harvey Dickerson,* Attorney General, and *Norman H. Samuelson,* Deputy Attorney General, for Petitioner.

*Harry E. Claiborne* and *Foley, Garner & Shoemaker,* of Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

This is a petition by the State of Nevada on the relation of the Welfare Division of the Nevada State Department of Health, Welfare and Rehabilitation for (1) a writ of prohibition enjoining the Honorable Thomas J. O'Donnell, Presiding Judge of Department No. 4 of the Eighth Judicial District Court of the State of Nevada, from hearing an adoption proceeding pending in his court, on the grounds that the judge is biased and prejudiced; and (2) a writ of mandamus commanding Judge O'Donnell to disqualify himself and assign the case to another judge.

On May 22, 1969, Duglas T. White and Marilyn J. White filed in the Eighth Judicial District Court an adoption proceeding entitled, "IN THE MATTER OF THE ADOPTION OF THREE MINORS BY DUGLAS T. AND MARILYN J. WHITE, HUSBAND AND WIFE, PETITIONERS." A copy of the petition was served on Welfare as required by law. NRS 127.120, subsection 1. Welfare served a copy of its answer on the Whites by mail on June 17, 1969, and filed the original answer in the Clark County Clerk's office on June 19, 1969. The Whites filed a motion for a preliminary injunction on June 16, and a copy of the motion was received by Welfare on June

17. Judge O'Donnell, as Master Calendar Judge, heard the motion for the preliminary injunction on June 20. (There was no prior notice that he was to hear it. In fact, it had been assigned to several departments and eventually marked off calendar on June 11.) Judge O'Donnell entered his ruling on the motion on June 23.

On June 24, the Whites filed a motion to amend their petition for adoption. Welfare received a copy of the motion and supporting papers on June 25. The motion came on for hearing on July 1 and was granted by consent of all parties. On July 22, counsel for Welfare telephoned Judge O'Donnell and requested the judge to disqualify himself; the judge declined to do so.

The following day, Welfare by its counsel mailed affidavits of prejudice to the clerk, the judge, and the Whites, as provided in NRS 1.230, subsection 5. The judge, however, has refused to step down, on the principal ground that the affidavits were not timely filed. This is the major issue presented on this appeal.

NRS 1.230[1] sets forth the various grounds for disqualification of judges other than supreme court justices. Subsection 5 provides in part:

---

[1]NRS 1.230:

1. A judge shall not act as such in an action or proceeding when he entertains actual bias or prejudice for or against one of the parties to the action.

2. A judge shall not act as such in an action or proceeding when implied bias exists in any of the following respects:

(a) When he is a party to or interested in the action or proceeding.

(b) When he is related to either party by consanguinity or affinity within the third degree.

(c) When he has been attorney or counsel for either of the parties in the particular action or proceeding before the court.

(d) When he is related to an attorney or counselor for either of the parties by consanguinity or affinity within the third degree.

3. A judge, upon his own motion, may disqualify himself from acting in any matter upon the ground of actual or implied bias.

4. Any party to an action or proceeding, seeking to disqualify a judge for actual or implied bias, shall file a charge in writing, specifying the facts upon which such disqualification is sought. Hearing on such charge shall be had before such other district judge as the parties may by agreement select, or in absence of such agreement before such judge as shall be appointed by the judge sought to be disqualified.

5. A judge shall not act as such if either party to a civil action in the district court shall file an affidavit alleging that the judge before whom the action is to be tried has a bias or prejudice either against him or in favor of an opposite party to the action. The judge shall proceed no further therein but either transfer the action to some other department of the court, if there be more than one department of the court in

"A judge shall not act as such if either party to a civil action in the district court shall file an affidavit alleging that the judge before whom the action is to be tried has a bias or prejudice either against him or in favor of an opposite party to the action."

It is on this provision that Welfare predicates its position that Judge O'Donnell is disqualified from continuing to preside in the adoption proceedings.

Subsection 5, prior to April 1, 1969, also provided in part that: "Every affidavit must be filed before the hearing on any contested matter in the action has commenced, and if no contested matter has been heard in the action prior to the day of the trial thereof, then the affidavit must be filed at least 10 days before the date set for the trial of the action." That provision of the statute was amended by the 1969 Legislature, and the following language, which became effective April 1, 1969, was substituted: "Every affidavit must be filed at least 10 days before the hearing of a contested matter if a judge has been assigned to hear such matter or, if a judge has not been assigned at least 10 days prior to such hearing, the affidavit must be filed *when the party or his attorney is notified that a judge has been assigned to hear the matter.*" (Emphasis added.)

---

the district, or request the judge of some other district court of some other district to preside at the hearing and trial of the action. Every affidavit must be filed at least 10 days before the hearing of a contested matter if a judge has been assigned to hear such matter or, if a judge has not been assigned at least 10 days prior to such hearing, the affidavit must be filed when the party or his attorney is notified that a judge has been assigned to hear the matter. No affidavit shall be filed unless accompanied by a certificate of the attorney of record for affiant that the affidavit is made in good faith and not for delay, and the party filing the affidavit for change of judge shall at the time of filing same pay to the clerk of the court in which the affidavit is filed $25, which sum shall be by the clerk transmitted to the state treasurer who shall place the same to the credit of the district judges' traveling fund. The right hereby granted may be lost by the failure of a party to comply with the requirements set forth in this subsection or by a waiver in writing executed by the party or by his attorney, and not otherwise.

6. No judge or court shall punish for contempt anyone making, filing or presenting a charge for disqualification pursuant to subsection 4 or an affidavit pursuant to subsection 5.

7. This section shall not apply to the arrangement of the calendar or the regulation of the order of business.

8. Paragraph (d) of subsection 2 shall not apply to the presentation of ex parte or uncontested matters, except in fixing fees for attorneys related within the degree of consanguinity or affinity therein specified.

We interpret this amendment as an attempt by the Legislature to provide litigants in those districts operating under the master calendar system (Second and Eighth) with the same opportunity to exercise a "peremptory challenge" of a judge assigned to the case as is afforded to litigants in the single-judge districts or in nonmaster calendar districts where the cases receive a department assignment when filed, designating the judge of that department to hear the case. Prior to the 1969 amendment, the challenge was for all practical purposes not available in the master calendar districts when the assignment of the hearing or trial judge was not made by the master calendar judge until the date of hearing, because subsection 5 at that time required the litigant to file his challenging affidavit *10 days prior to the hearing.* Under the 1969 amendment the affidavit may be filed "when the party or his attorney is notified that a judge has been assigned to hear the matter." We hold that, once the party or his attorney is so notified and then proceeds with the hearing of a contested matter before *that* judge, the challenge of that judge under subsection 5 is waived, and the party is precluded from later exercising it as to that judge. Should the case thereafter be reassigned to another judge, a party may file a subsection 5 affidavit against the new judge, subject, of course, to the limitation of NRS 1.240, which precludes more than one change of judge under the procedure provided by subsection 5 of NRS 1.230.[2]

Since Judge O'Donnell had heard the motion for preliminary injunction and had granted the motion to amend the petition for adoption prior to petitioner's challenge under subsection 5 of NRS 1.230, we hold that the affidavits were not timely filed; therefore the petition is denied.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

---

[2]If, during any stage of the litigation, it develops that any judge has manifested bias or prejudice, the party aggrieved is not without his remedy, for he may interrupt the proceedings and file a motion asserting actual bias. A hearing will then be conducted by another judge, as provided in subsections 1 and 4 of NRS 1.230.