........................, A MINOR UNDER THE AGE OF 18 YEARS, APPELLANT, v. THE STATE OF NEVADA, RESPOND-ENT.

No. 6130

October 8, 1970           476 P.2d 11

*L. Earl Hawley,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Heber P. Hardy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

A 17-year-old boy was accused of committing forcible rape upon a 13-year-old girl. The Clark County District Attorney petitioned to have the minor boy tried as an adult pursuant to

NRS 62.080. Under the authority of that statute, after a full investigation the court may in its discretion retain jurisdiction or certify the child for criminal proceedings as an adult. The court ordered that the boy's background and environment be investigated. The reports of this comprehensive investigation were submitted at the time of the certification hearing.

The petition was denied and the matter was set for trial. The day before the trial a private attorney was substituted for the Public Defender as the boy's attorney. When the trial commenced the new attorney orally requested that the judge disqualify himself for want of fairness because of certain remarks made by the court at the certification hearing. His request was denied.

The 13-year-old complaining witness' testimony to the events of the rape was the only evidence the state presented. Although two of his friends related that he had been with them at the time and date he was accused of raping the girl, the accused boy did not testify in his own defense. He was found guilty, made a ward of the juvenile court and committed to the Nevada Youth Training Center until he reached the statutory age or until the further order of the court.

On this appeal the convicted offender alleges: (1) That the evidence was insufficient to support the finding of guilt; (2) That he had been entitled to a jury trial; (3) That the judge who acted as the trier of the facts and law was prejudiced and should not have presided over the trial; and (4) That prejudice had been created in advance of his trial by the court's consideration of the investigation reports of the boy's background.

1. Having reviewed the transcript of the evidence, this court is satisfied that the juvenile court properly evaluated the evidence in arriving at the judgment of guilt applying the standard of proof beyond a reasonable doubt. In re Winship, 397 U.S. 358 (1970); State v. Arenas, 453 P.2d 915 (Ore. 1969); People v. Archie, 245 N.E.2d 59 (Ill. 1969); In re M., 450 P.2d 296 (Cal. 1969). No conflicts developed from the testimony that tend to cast doubt upon it. The alibi evidence of the defense was capable of being disbelieved as the trial court so stated.

2. We will not now entertain the constitutional issue of the failure to provide a jury trial. Although recent U.S. Supreme Court decisions lean toward projecting juvenile matters into

the criminal arena (In re Winship, supra; Kent v. United States, 383 U.S. 541 (1966); Application of Gault, 387 U.S. 1 (1967)), our statute provides specifically that juvenile hearings are to be without a jury. Enough doubt has been cast upon the right to jury trial for juveniles to warrant our present conclusions that the right to a jury for children is not part of the due process guarantees. This question is presently before the U.S. Supreme Court in In re Burrus, *cert. granted,* 397 U.S. 1036 (No. 128, October 1970 term), so we shall withhold further discussion of the question pending determination of that case.

3. Since juvenile proceedings are civil proceedings by statute the appropriate steps which must be taken to disqualify a judge for bias are detailed in NRS 1.230(5). See also State ex rel. Department of Welfare v. District Court, 85 Nev. 642, 462 P.2d 37 (1969). An affidavit of bias must be filed ten days before the hearing and must be made in writing. No written affidavit was filed in this case nor did the attorney request time to prepare one. We realize that because of the sudden substitution of attorneys and the relatively short period of time between the certification hearing and the trial date the ten-day requirement could not be met. Nevertheless, we stated in State ex rel. Department of Welfare v. District Court, supra, that should it develop at any stage of the litigation that prejudice became manifest, a motion for actual bias could be filed at any time and a hearing conducted by another judge as provided in Subsection 4 of NRS 1.230. No such motion was filed nor was there a request for additional time to do so. The matter of bias was waived.

4. NRS 62.080 specifies no fine distinction as to when and under what conditions advance reports from the preliminary investigation shall be considered by the judge. Cf. In re F., 75 Cal.Rptr. 887 (Cal.App. 1969); In M.................... v. Superior Court, 75 Cal.Rptr. 881 (Cal.App. 1969); In re Corey, 72 Cal.Rptr. 115 (Cal.App. 1969). The words of our statute, "after full investigation," clearly require the juvenile court to consider the reports before deciding whether the child is to be considered for adult proceedings. Haziel v. United States, 404 F.2d 1275 (C.A.D.C. 1968).

We are naturally concerned that fundamental fairness be inherent in all legal matters but we do not note an absence of

that quality in this case to warrant a reversal. Rather, the juvenile court judge was concerned for the welfare of the boy as we note in his remarks and in the disposition of placing the boy in the training center instead of prison. While the judge expressed his critical views of the juvenile at the certification hearing no actual manifestations of bias are seen in the conduct of the trial. The boy himself did not testify. Only a very few inconsequential objections were made by the accused to the testimony of the prosecuting witness. Her testimony in fact was clear and convincing. The testimony of the two alibi witnesses was not. There was nothing upon which the trial judge could exercise his prejudice if such existed.

We find no error in the proceedings.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.