An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SANDS CHINA LTD.,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,<br>Respondents,<br>and<br>STEVEN C. JACOBS,<br>Real Party in Interest. | No. 68265 |
| SANDS CHINA LTD., A CAYMAN ISLANDS CORPORATION,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,<br>Respondents,<br>and<br>STEVEN C. JACOBS,<br>Real Party in Interest. | No. 68275 |
| LAS VEGAS SANDS CORP., A NEVADA CORPORATION; SANDS CHINA LTD., A CAYMAN ISLANDS CORPORATION; AND SHELDON G. ADELSON, AN INDIVIDUAL,<br>Petitioners,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE | No. 68309 |

FILED

NOV 0 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

15-33601

ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
and
STEVEN C. JACOBS,
Real Party in Interest.

*ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT RELIEF (DOCKET NO. 68265), GRANTING PETITION FOR WRIT RELIEF (DOCKET NO. 68275), AND DENYING PETITION FOR WRIT RELIEF (DOCKET NO. 68309)*

These consolidated writ petitions challenge the following four orders: a May 28, 2015, order determining that petitioner Sands China is preliminarily subject to personal jurisdiction in Nevada and a March 6, 2015, order imposing discovery sanctions on Sands China (Docket No. 68265); a June 19, 2015, order denying Sands China's motion for a protective order (Docket No. 68275); and a June 12, 2015, order declining to vacate a trial date (Docket No. 68309). The petitions also request that the underlying matter be reassigned to a different district court judge.[1]

*Docket No. 68265*

*Personal jurisdiction order*

"A writ of prohibition is available to arrest or remedy district court actions taken without or in excess of jurisdiction." *Viega GmbH v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 40, 328 P.3d 1152, 1156 (2014). "As no adequate and speedy legal remedy typically exists to

---

[1]The Honorable James E. Wilson, Jr., District Judge in the First Judicial District Court, and the Honorable Steve L. Dobrescu, District Judge in the Seventh Judicial District Court, were designated by the Governor to sit in place of the Honorable Ron Parraguirre, Justice, and the Honorable Kristina Pickering, Justice, who voluntarily recused themselves from participation in the decision of this matter. Nev. Const. art. 6, § 4(2).

correct an invalid exercise of personal jurisdiction, a writ of prohibition is an appropriate method for challenging district court orders when it is alleged that the district court has exceeded its jurisdiction." *Id.* "When reviewing a district court's exercise of jurisdiction, we review legal issues de novo but defer to the district court's findings of fact if they are supported by substantial evidence." *Catholic Diocese, Green Bay v. John Doe 119*, 131 Nev., Adv. Op. 29, 349 P.3d 518, 520 (2015).

The district court determined that, under *Trump v. Eighth Judicial District Court*, 109 Nev. 687, 857 P.2d 740 (1993), real party in interest Steven Jacobs had made a preliminary showing of personal jurisdiction over Sands China based on general, transient, and specific jurisdiction theories.[2] Having considered the parties' arguments and the record, we agree with the district court's determination that Jacobs made a preliminary showing of specific jurisdiction,[3] as the record supports the district court's preliminary conclusion that Sands China purposefully availed itself of the privilege of acting in Nevada and that Jacobs' claims arose from those actions. *Catholic Diocese*, 131 Nev., Adv. Op. 29, 349 P.3d at 520. We also agree with the district court's rationale as to why it would be reasonable to require Sands China to appear in Nevada state court. *Id.*

---

[2]We reject Sands China's suggestion that the district court's May 2015 order precludes it from contesting personal jurisdiction at trial.

[3]We reject Sands China's argument regarding the mandate rule, as this court's August 26, 2011, order did not explicitly or impliedly preclude Jacobs from amending his complaint. *Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986).

We conclude, however, that the district court's determinations regarding general and transient jurisdiction were based on an unsupported legal premise. In particular, the district court determined that Sands China was subject to general jurisdiction in Nevada because Sands China utilized the employees of its Nevada-based parent company, Las Vegas Sands Corporation, to conduct Sands China's business.[4] We agree with Sands China's argument that Sands China, as Las Vegas Sands' subsidiary, lacked the legal authority to control the employees of its parent company. *Cf. Viega*, 130 Nev., Adv. Op. 40, 328 P.3d at 1158 (recognizing that "an agency relationship is formed when one person has the right to control the performance of another" and observing that, in the parent/subsidiary corporate relationship, it is the parent corporation that has varying degrees of control over the subsidiary). Consequently, we agree that the conduct of Las Vegas Sands' employees could not be attributed to Sands China for general jurisdiction purposes.[5]

---

[4]We need not separately address the district court's transient jurisdiction analysis because that analysis largely tracked the district court's general jurisdiction analysis.

[5]In light of this conclusion, we need not address the subsequent issue of whether the Nevada contacts of Las Vegas Sands' employees, if attributed to Sands China, would have rendered Sands China "essentially at home" in Nevada. *See Daimler AG v. Bauman*, 571 U.S. ___, ___, ___ n.20, 134 S. Ct. 746, 761, 762 n.20 (2014) (observing that a general jurisdiction inquiry "calls for an appraisal of a [defendant's] activities in their entirety, nationwide and worldwide").

We therefore grant Sands China's writ petition in Docket No. 68265 insofar as it seeks to vacate the district court's determination that Sands China is subject to personal jurisdiction under general and transient jurisdiction theories. Accordingly, we direct the clerk of this court to issue a writ of prohibition instructing the district court to vacate from its May 28, 2015, order the determinations that Sands China is subject to personal jurisdiction under general and transient jurisdiction theories, and further instructing the district court to prohibit Steven Jacobs from introducing evidence at trial that pertains solely to those theories.[6]

*Discovery sanctions order*

As acknowledged by Jacobs at oral argument, the district court's May 28, 2015, order did not intend to prohibit Sands China from introducing evidence at trial regarding personal jurisdiction. Thus, Sands China's challenge to the portion of the district court's March 16, 2015, discovery sanctions order prohibiting Sands China from introducing evidence to that effect at the preliminary evidentiary hearing is denied as moot. As for the $250,000 monetary sanction, we conclude that the district court exceeded its authority in awarding sanctions to the Sedona Conference. *See* RPC 6.1(e) (setting forth the permissible entities to which a monetary sanction may be made payable). Accordingly, we direct the clerk of this court to issue a writ of prohibition instructing the district court to vacate from its March 16, 2015, order the sanction that was made

---

[6]We vacate the stay imposed by our June 23, 2015, order.

payable to the Sedona Conference and to reallocate the total $250,000 sanction in compliance with RPC 6.1(e).[7]

*Docket No. 68275*

Sands China challenges the district court's June 19, 2015, order in which it declined to vacate the deposition of Sands China's Independent Director and directed the deposition to be held in Hawaii. We conclude that our intervention is warranted because the district court lacked the authority to order the Independent Director, who is neither a party nor a corporate representative under NRCP 30(b)(6), to appear for a deposition in Hawaii. *See* NRCP 30(a)(1) (providing that the attendance of a nonparty deponent may be compelled by subpoena under NRCP 45); *see also* NRCP 45(c) (affording certain protections to nonparty deponents). Accordingly, we direct the clerk of this court to issue a writ of prohibition instructing the district court to vacate its June 19, 2015, order in which it directed Sands China's Independent Director to appear for a deposition in Hawaii.[8]

*Docket No. 68309*

Sands China, Las Vegas Sands Corporation, and Sheldon Adelson challenge the district court's June 12, 2015, order in which it declined to vacate an October 2015 trial date. The parties agree that this challenge is moot in light of this court's July 1, 2015, order in which it vacated the trial date pending resolution of this writ petition.

---

[7]We vacate the stay imposed by our April 2, 2015, order in Docket No. 67576.

[8]We vacate the stay imposed by our June 23 and July 1, 2015, orders.

Accordingly, we decline to further entertain this writ petition, other than to note that the stay imposed by this court's August 26, 2011, order served to toll NRCP 41(e)'s five-year time frame because that stay prevented the parties from bringing the action to trial while the stay was in place.[9] *Boren v. City of N. Las Vegas*, 98 Nev. 5, 6, 638 P.2d 404, 404-05 (1982). Thus, the writ petition in Docket No. 68309 is denied.

*Request for reassignment*

Sands China requests that this matter be reassigned to a different district court judge on the ground that the presiding district court judge harbors a bias against Sands China, Las Vegas Sands Corporation, and Sheldon Adelson. Because the district court's rulings and the district court's comment that Sands China has identified do not suggest bias, we deny the request. *See Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1254-55, 148 P.3d 694, 701 (2006) ("[D]isqualification for personal bias requires an extreme showing of bias that would permit manipulation of the court and significantly impede the judicial process and the administration of justice." (quotation and alteration omitted)). In any event, Sands China's request is procedurally improper because it did not submit in district court an affidavit and a certificate of counsel under NRS 1.235 or file a motion pursuant to NCJC Canon 2, Rule 2.11. *See Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 259-60, 112 P.3d 1063, 1068-69 (2005) (noting that "if

---

[9]It is unclear whether the district court entered its own stay order, as directed by this court in our August 2011 order, or if the district court and the parties simply treated our August 2011 order as the stay order. Regardless, we clarify that any tolling of NRCP 41(e)'s five-year time frame ended on May 28, 2015, the date when the district court entered its personal jurisdiction decision.

new grounds for a judge's disqualification are discovered after the time limits in NRS 1.235(1) have passed, then a party may file a motion to disqualify based on [current Rule 2.11] as soon as possible after becoming aware of the new information"); *cf. A Minor v. State*, 86 Nev. 691, 694, 476 P.2d 11, 13 (1970) (explaining in the context of an appeal that when a litigant fails to avail itself of the relief set forth under what is now NRS 1.235, the litigant has waived any right to seek disqualification).

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.            _____, J.
Douglas                                  Saitta

_____, D.J.          _____, D.J.
Wilson                                   Dobrescu

cc:  Hon. Elizabeth Goff Gonzalez, District Judge
     Alan M. Dershowitz
     Kemp, Jones & Coulthard, LLP
     Holland & Hart LLP/Las Vegas
     Morris Law Group
     Pisanelli Bice, PLLC
     Eighth District Court Clerk

CHERRY, J., and GIBBONS, J., concurring in part and dissenting in part:

We concur with the majority on all issues except for monetary sanctions. While we agree with the majority that the discovery sanctions the district court ordered payable to the Sedona Conference exceeded its jurisdiction, we would strike these sanctions and not order them to be reallocated. Further, we would defer the imposition of monetary sanctions until the conclusion of trial. In our view the better procedure would be to award monetary sanctions, if any, to the opposing party to offset costs and attorney fees.

_____, J.
Cherry

_____, J.
Gibbons