920 P.2d 1014 (1996)
CITY OF SPARKS, a Political Subdivision of the State of Nevada; The Sparks City Attorney's Office; and the Sparks City Manager's Office, Petitioners,
v.
The SECOND JUDICIAL DISTRICT COURT OF the STATE OF NEVADA, in and for the COUNTY OF WASHOE, and the Honorable James A. Stone, District Judge, Respondents, and
Flora E. Thomas, Real Party in Interest.
No. 26337.
Supreme Court of Nevada.
July 23, 1996.
*1015 Steven P. Elliott, Sparks City Attorney, Sparks, for Petitioners.
David Allen & Associates, Reno, for Real Party in Interest.

OPINION
YOUNG, Justice:
Petitioners are the City of Sparks, the Sparks City Attorney's Office and the Sparks City Manager's Office. The City Attorney's Office and the City Manager's Office seek a writ of prohibition;[1] the City of Sparks seeks a writ of mandamus. At a settlement conference just prior to trial in the underlying action, the city attorney and the city manager, as representatives of the city, proposed a settlement of $25,000.00 for the personal injury suit being brought against the city by real party in interest Flora E. Thomas ("Thomas"). Because the amount proposed was above the city attorney's and the city manager's settlement authority, the attorney and the manager agreed to recommend the settlement to the city council for approval.
On June 13, 1994, two weeks after the pretrial settlement conference, the city attorney presented the facts and possible legal ramifications surrounding Thomas' pending lawsuit to the city council. After the city attorney recommended that the proposed settlement agreement be approved, the city council immediately and unanimously voted to deny the $25,000.00 settlement proposal.
After a hearing on an order to show cause at which the parties and the court listened to an audio tape of the city council meeting, the district court found that the city attorney and the city manager had not affirmatively recommended the settlement as they had agreed to do at the settlement conference. Therefore, pursuant to NRCP 16(f), the district judge imposed sanctions against the Sparks City Attorney's Office and the Sparks City Manager's Office and ordered each of them to pay $2,500.00 to Thomas for their alleged failure to participate in good faith in the settlement conference. The City Attorney's Office and the City Manager's Office both seek an extraordinary writ to prevent enforcement of the sanctions.
After the hearing at which the court proposed to impose sanctions, the district judge allegedly made an obscene remark to the city attorney about one of the city council members in reference to an unrelated matter. In view of the remark, the city attorney filed an affidavit of bias and a motion for disqualification of the judge. The district judge denied the motion as untimely. The City of Sparks seeks a writ of mandamus directing the district judge to disqualify himself.

DISCUSSION

Standard of review
Pursuant to NRS 34.160, a writ of mandamus may be issued by this court "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." We have also indicated that a writ of mandamus will not lie to control a discretionary act, unless discretion is abused or is exercised arbitrarily or capriciously. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981).
Accordingly, because we are treating both petitions as petitions for mandamus, the question presented by the petitions at issue is whether the district judge abused his discretion *1016 by refusing to disqualify himself and by imposing sanctions on the City Manager and the City Attorney for their alleged failure to participate in good faith in the settlement conference.

Writ sought by City of Sparks
As to the writ sought by the City of Sparks, we conclude that petitioners' motion to disqualify the district judge was untimely filed. In addition, we note that petitioners have failed to demonstrate either actual bias against a party or evidence to support a reasonable inference of bias. See NRS 1.235(1). The bias alleged here consists of some frustration with the Sparks City Council and an alleged obscene remark made about a council member regarding an unrelated matter. This situation is akin to that addressed in McNair v. State, 108 Nev. 53, 62-63, 825 P.2d 571, 577 (1992). Furthermore, we do not agree that the district judge's letter to the editor constituted a breach of the Code of Judicial Conduct, Canon 3B(9). Also, we note that the district judge had no mandatory obligation to disqualify himself. See NRS 1.230.

Writ sought by City Manager's Office and City Attorney's Office
With respect to the writ sought by the City Manager's Office and City Attorney's Office, after a thorough review of the facts and the audiotape of the city council meeting at issue, we do not believe that the city attorney failed to comply with the conditional agreement reached at the pretrial settlement conference. In addition, we do not believe that the city manager's silence at the city council meeting warrants sanctions. After listening to the audiotape of the city council meeting, we are puzzled as to what additional information or input the city manager, who presumably lacks formal legal training, could have added to the city attorney's legal presentation of the negligence suit being brought by Thomas. Additionally, we do not believe that the light-hearted bantering which occurred between the Mayor of Sparks and the Sparks City Attorney was meant to degrade Thomas or insinuate that her claim was frivolous.
Pursuant to NRCP 16(f), which incorporates the discovery sanctions found in NRCP 37(b)(2), the district judges of this state have the explicit authority to impose sanctions upon parties for failing to comply with pretrial conference orders. However, implicit in the district judges' authority to sanction is that the district judge must design the sanction to fit the violation. See, e.g., Nevada Power v. Fluor Illinois, 108 Nev. 638, 646-47, 837 P.2d 1354, 1360-61 (1992) (concluding that a sanction for attorney's fees pursuant to NRCP 37(b)(2) must be limited to the violation of the discovery order at issue); Stubli v. Big D International Trucks, 107 Nev. 309, 314, 810 P.2d 785, 788 (1991) (concluding that sanction of dismissal was warranted in light of discovery abuse committed by appellant's agents); see also 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1531 (1990). In the present case, we conclude that the sanctions levied against the city attorney and the city manager, which will undoubtedly be paid from the city's coffers, do not fit the purported violations at issue. Therefore, we conclude that the district judge abused his discretion in imposing the $2,500.00 sanctions on the city manager and the city attorney.
Accordingly, we deny the petition for writ of mandamus sought by the City of Sparks and grant the petition for writ of mandamus sought by the City Manager's Office and the City Attorney's Office. We direct the clerk of this court to issue a writ of mandamus commanding the district court to vacate its order sanctioning the Sparks City Manager's Office and the Sparks City Attorney's Office.
STEFFEN, C.J., and SHEARING and ROSE, JJ., concur.
SPRINGER, Justice, dissenting:
In my view the trial court acted within the discretion given to courts under such circumstances, and I would deny the writ of prohibition.
NOTES
[1] Because the petition for writ of prohibition submitted by the City Attorney's Office and the City Manager's Office challenges the district judge's discretion in imposing sanctions, we treat the petition as a petition for writ of mandamus. See Marshall v. District Court, 108 Nev. 459, 466, 836 P.2d 47, 52 (1992).