**In re: Shari L. THOMAS, M.D., Debtor,**

Shari L. Thomas, M.D., Appellant,

v.

**Jerry Namba, Chapter 7 Trustee; et al., Appellees.**

**Nos. 04–55302.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Nov. 23, 2005.

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**674**

Robert M. Yaspan, Esq., Law Offices of Yaspan & Thau, Van Nuys, CA, for Appellant.

David Farmer, Esq., Farmer & Ready, San Luis Obispo, CA; Marjorie L. Erickson, Esq., Office of the U.S. Trustee, Howard C. Richards, Esq., Crane, Richards & Flores LLP, Robert A. Meyers, Esq., Coldwell Banker, Santa Barbara, CA; Roy G. Weatherup, Esq., Lewis, Brisbois, Bisgaard & Smith, LLP, Timothy J. Yoo, Robinson, Diamant & Wolkowitz, Los Angeles, CA; Denise Placencio, Dacorsi, Burrows & Placencio, Woodland Hills, CA; Amy L. Morse, Washington Mutual Bank, Office of the General Counsel, Chatsworth, CA; Peter Klika, Esq., Klika, Liao, Parrish & Cochran, Seattle, WA, for Appellees.

Michael S. Kogan, Esq., Ervin Cohen & Jessup, LLP, Beverly Hills, CA. pro se.

Leslie A. Cohen, Esq., Liner, Yankelevitz et al, LLP, Los Angeles, CA, pro se.

Robert K. Woolf, Santa Barbara, CA, pro se.

Peter Klika, Esq., pro se.

Lawrence T. Sorensen, Esq., Mullen & Henzell, Santa Barbara, CA, pro se.

Edythe L. Bronston, Esq., Sherman Oaks, CA, pro se.

Christopher C. Jones, Esq., Eaton & Jones, Santa Barbara, CA, pro se.

Steve Pinsker, Esq., Pinsker & Hurlbett, Santa Barbara, CA, pro se.

Before: B. FLETCHER, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Shari L. Thomas, M.D., appeals a Bankruptcy Appellate Panel ("BAP") order dismissing her prior consolidated appeal as moot pursuant to 11 U.S.C. § 363(m), which bars reversing on appeal sales of bankruptcy estate property to good-faith purchasers. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and affirm.

We review decisions of the BAP de novo. *In re Price,* 353 F.3d 1135, 1138 (9th Cir. 2004). We independently review bankruptcy court rulings on appeal from the BAP. *In re DeVille,* 361 F.3d 539, 547 (9th Cir.2004). In doing so, we review "the bankruptcy court's conclusions of law de novo and its factual findings for clear error." *In re BCE West, L.P.,* 319 F.3d 1166, 1170 (9th Cir.2003).

Thomas did not obtain a stay pending appeal of the bankruptcy court order authorizing Chapter 7 trustee Jerry Namba to sell Thomas's real property to Robert Woolf. Consequently, her only avenue for unwinding the sale under § 363(m) is to establish that Woolf is not a good-faith purchaser. We agree with the BAP that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the bankruptcy court's finding that Woolf was a good-faith purchaser is not clearly erroneous.

◼ Thomas first challenges Woolf's good faith because of a "conflict of interest" arising from the same real estate broker, Coldwell Banker, representing both Woolf and Namba. As the BAP points out, however, California law expressly permits such dual agency arrangements upon disclosure to the buyer and seller. *See* Cal. Civ.Code § 2079.16–.17; *Assilzadeh v. California Federal Bank*, 82 Cal.App.4th 399, 414, 98 Cal.Rptr.2d 176 (Cal.App.2000). As Thomas acknowledges, negotiating documents provided notice to both Namba and Woolf that Coldwell Banker served as a dual agent. The evidence supports the bankruptcy court's finding that Coldwell Banker's dual agency was permissible under California law. Thomas also challenges Woolf's good faith based on the personal relationship between Woolf and his real estate agent, William Capp. As the BAP found, however, there is no evidence of a business relationship between Woolf and Capp, and the bankruptcy court's finding that the Woolf–Capp relationship was a "nonissue" is not clearly erroneous. Thomas further argues that Coldwell Banker's conflict of interest and its failure to disclose the Woolf–Capp relationship to the bankruptcy court should be imputed to Woolf, but as already explained, there was no wrongdoing to impute.

◼ Thomas also argues that Woolf's failure to attend a deposition and his refusal to produce certain documents renders the bankruptcy court's finding of good faith clearly erroneous. Woolf had bona fide reasons for not attending the deposition. Further, Thomas did not move to compel her discovery requests. Under these circumstances, Woolf's failure to provide her with her discovery requests does not preclude a finding that Woolf was a good-faith purchaser nor does it establish that she was denied due process.

In sum, Thomas does not establish that Woolf engaged in " 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.' " *In re Ewell*, 958 F.2d 276, 281 (9th Cir.1992) (quoting *In re Suchy*, 786 F.2d 900, 901–02) (construing Federal Rule of Bankruptcy Procedure 805, from which § 363(m) is derived). The bankruptcy court's finding that Woolf is a good-faith purchaser is not clearly erroneous. Consequently, 11 U.S.C. § 363(m) renders moot all of Thomas's challenges to the sale order.

AFFIRMED