**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SHARI L. THOMAS, | No. 10-60028 |
| Debtor, | BAP No. 08-1307 |
| SHARI L. THOMAS, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| JERRY NAMBA, Chapter 7 Trustee; FARMER & READY, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Pappas, and Montali, Bankruptcy Judges, Presiding

Submitted March 5, 2012[**]
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Shari L. Thomas ("Thomas") appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order, on remand from the BAP, approving an application for attorneys' fees submitted by Farmer & Ready ("Farmer"), counsel for the chapter 7 Trustee, under 11 U.S.C. § 330. *Thomas v. Namba, et al. (In re Thomas)*, 2009 WL 7751299 (9th Cir. BAP 2009). Thomas argues (1) that the bankruptcy court abused its discretion by approving the application for fees without contemporaneous fee records, in violation of § 330; (2) that the bankruptcy court abused its discretion by awarding full fees for travel time; and (3) that the bankruptcy court erred when it concluded that Thomas was barred from challenging fees on the basis that the sale of her property was unnecessary. We affirm.

"We review decisions of the BAP de novo. When a decision of the bankruptcy court is on appeal from the BAP, we independently review the bankruptcy court's decision." *Burnett v. Resurgent Capitol Serv. (In re Burnett)*, 435 F.3d 971, 975 (9th Cir. 2006) (internal quotation marks and citations omitted). "We will not disturb a bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law." *Strand v. Neary (In re Strand)*, 375 F.3d 854, 858 (9th Cir. 2004) (citations and internal quotation marks omitted).

The parties are familiar with the extensive procedural history of this case, and we repeat it here only as necessary. The BAP affirmed the bankruptcy court's allowance of Farmer's final fee request for non-block-billed ("lumped") entries, but remanded the matter to the bankruptcy court to determine the reasonableness of several lumped entries. In an effort to shed light on its inappropriately lumped entries in the remand proceedings, Farmer submitted a De-Lumped Fee Statement. The bankruptcy court on remand considered this and other documents, including chronological billing statements and daily logs that Farmer contemporaneously maintained, all of which elaborated in detail on how the firm spent its time in the lumped entries. The bankruptcy court approved the bulk of Farmer's de-lumped fees following the firm's explanation for them, but applied a reduction of 10% in amount to the remaining lumped fees for which Farmer did not provide adequate explanation. Thomas appealed to the BAP, which affirmed. Thomas then appealed to us, and we review the bankruptcy court's decision.

Thomas argues that the bankruptcy court, on remand, erred by approving those fees related to all lumped entries because Farmer did not produce contemporaneous fee records to support its De-Lumped Fee Statement. We disagree. The bankruptcy court closely reviewed Farmer's submissions, looking at each entry, and made adjustments to the total fees awarded by reducing by 10%

lumped fees for time entries over .3 hours and by disallowing fees for Farmer's time expended in de-lumping, fees not supported by Farmer's daily logs, and fees for work performed by Farmer that the Trustee himself should have performed. We conclude that the bankruptcy court's analysis comported with its obligations under 11 U.S.C. § 330, and the bankruptcy court did not abuse its discretion in finding the fees awarded reasonable and necessary to the administration of the estate. *In re Strand*, 375 F.3d at 858.

Thomas next argues that the bankruptcy court abused its discretion by awarding Farmer fees for travel time to and from the courthouse, billed at Farmer's full hourly rate. This is not an easy question, as there will be some occasions when travel time can reasonably be reimbursed fully, and other times when it reasonably should be discounted. However, in the circumstances here, the bankruptcy court did not abuse its discretion under 11 U.S.C. § 330 in awarding fees for the travel time. The bankruptcy court considered the specific circumstances of the proceedings before determining that the travel was reasonable and necessary.

Finally, Thomas challenges the reasonableness of the bankruptcy court's fee award on the basis that the fees relate to the purportedly unnecessary sale of her real property during the course of the bankruptcy proceedings. We previously decided that Thomas's failure to stay the sale of the property pending appeal along

with the property's sale to a good faith purchaser rendered Thomas's objection to the sale moot under the Bankruptcy Code. *See Thomas v. Namba (In re Thomas)*, 154 F. App'x. 673 (9th Cir. 2005). Our decision there rendered the sale order final. The bankruptcy court reasoned that because we previously upheld the sale of the property, Thomas could not again raise the issue before the bankruptcy court as a basis for objecting to Farmer's fee application. The BAP interpreted the bankruptcy court's ruling to be based on issue preclusion and affirmed.

We conclude that the bankruptcy court correctly decided that to the extent that Thomas grounded her challenge to Farmer's fees on the purported illegitimacy of the sale order and the surrounding litigation, her claim was barred.

> Issue preclusion bars the relitigation of issues actually adjudicated in previous litigation between the same parties. A party invoking issue preclusion must show: (1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. The Supreme Court has elaborated on the 'actually litigated' requirement, recognizing that issue preclusion is inappropriate where the parties have not had a full and fair opportunity to litigate the merits of an issue.

*Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003) (internal citations omitted). Here, the record shows: (1) that Thomas grounded her challenge to Farmer's fees on the illegitimacy of the sale order, the issue she previously

litigated before the bankruptcy court; (2) that legitimacy of the sale order was actually litigated during the chapter 7 proceedings before the bankruptcy court; and (3) that the legitimacy of the sale order was necessarily decided, with finality, during the chapter 7 proceedings before the bankruptcy court, whose decision was affirmed by us. Accordingly, issue preclusion bars Thomas from relitigating the propriety of the sale order under the guise of challenging the bankruptcy court's allowance of fees related to the sale.

**AFFIRMED.**