NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. SC-12-1062-JuMkPa |
| | ) | |
| PASCAL JEAN-FRANCOIS BESSET, | ) | Bk. No. 10-17726 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| PAULA BESSET, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| RONALD STADTMUELLER, Chapter 7 | ) | |
| Trustee; R. DEAN JOHNSON; PYLE | ) | |
| SIMS DUNCAN & STEVENSON APC, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument on November 15, 2012**

Filed - December 14, 2012

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Louise DeCarl Adler, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant Paula A. Besset on brief pro se;
                Michael Y. MacKinnon, Esq. and Kathleen A.
                Cashman-Kramer, Esq. of Pyle Sims Duncan &
                Stevenson APC on brief for appellees Ronald
                E. Stadtmueller, Chapter 7 Trustee, Pyle Sims
                Duncan & Stevenson APC, and R. Dean Johnson.

_____

_____

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

** Pursuant to Rule 8012, after notice to the parties, the Panel unanimously determined that oral argument was not needed by order entered on October 3, 2012.

-1-

Before:  JURY, MARKELL, and PAPPAS Bankruptcy Judges.

Appellant, Paula A. Besset, appeals from the bankruptcy court's orders approving the final fee applications of appellees:  (1) Ronald E. Stadtmueller, chapter 7[1] trustee; (2) Pyle Sims Duncan & Stevenson APC (PSDS), the trustee's counsel; and (3) R. Dean Johnson (Johnson), accountant to the trustee.[2]  We AFFIRM.

## I. FACTS

Appellant and Pascal Besset commenced proceedings for the dissolution of their marriage in the Superior Court of California, County of San Diego in 2007.  On September 28, 2010, the California family court entered a judgment of dissolution terminating the marriage.  An attachment to the dissolution judgment gave appellant the right to purchase Pascal's equity in the family home by a date in September 2010, or the property was to be sold.  If the property was listed for sale, appellant, who was living in the home with the couple's two children, was responsible for all delinquent mortgage payments.  Appellant never purchased Pascal's equity or made any mortgage payments on

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] Appellant filed one Notice of Appeal (NOA) for the three separate orders.  Under Rules 8001(a) and 8002(a), a separate NOA is normally required for the appeal of each distinct order.  The Panel exercised its discretion to disregard this procedural error and consider the appeal of the three orders as one appeal because the issues on all three orders are identical and the parties have briefed them jointly.

-2-

the home.

On October 1, 2010, Pascal filed his chapter 7 petition and Stadmueller was appointed trustee. In December 2010, the bankruptcy court approved PSDS's employment as trustee's counsel. In July 2011, the bankruptcy court approved Johnson's employment as accountant for the trustee.

The primary asset of the estate was the family home. In Schedule D, debtor valued the home at $960,000, encumbered by a first lien for $673,000 in favor of Deutsche Bank (Bank), four liens totaling over $200,000 which were recorded against the property by attorneys who had represented debtor or appellant in their marital dissolution proceeding, and a lien for $3,105.35 filed by the State of California Employment Development Department.

On November 30, 2010, the Bank filed a motion for relief from the automatic stay (RFS) to foreclose on the property. With the possibility of their liens being wiped out in a foreclosure sale, the attorney lien creditors approached the trustee to have him conduct a sale of the property. On December 10, 2010, the trustee and the Bank agreed to extend the time for the trustee to file an opposition to the motion for RFS.

On December 17, 2010, the bankruptcy court entered an order granting the Bank's motion for RFS after the Bank inadvertently submitted the order in contravention of the agreement it had

reached with the trustee.[3]

Meanwhile, the trustee and attorney lien creditors negotiated a settlement for payment of the attorney liens in contemplation of selling the property to a third party for $850,000. The trustee estimated that after paying the Bank, costs of sale and taxes, there would be approximately $56,000 remaining from the sales price. Under the terms of the settlement, the attorney lien creditors would receive the sum of $20,000 to be divided equally among them in exchange for subordinating the balance of their secured claims to all costs of administration of the bankruptcy estate and claims of unsecured creditors.

On June 16, 2011, the trustee filed a motion to sell the property for $850,000 free and clear of liens under § 363(f). The trustee opined that the sale of the property free and clear of appellant's interest was proper because there was no equity in the property for appellant to receive.

On the same date, the trustee filed a motion for approval of the stipulation between the trustee and the attorney lien creditors under Rule 9019 which reflected the payment of $20,000 to the lien creditors and their agreement to carve out proceeds for the payment of administrative fees.

Appellant opposed the proposed sale and settlement, arguing, among other things, that due to the dissolution

---

[3] Although it is not entirely clear from the record, it appears that, despite inadvertently obtaining an order terminating the stay, the Bank honored its agreement and did not immediately foreclose.

-4-

judgment, her interest in the property was one as a co-tenant, making the sale subject to § 363(h). On this basis, she contended not only was an adversary proceeding needed, but also the carve out for the payment of administrative fees contained in the settlement agreement between the attorney lien creditors and the trustee was contrary to § 363(j). Appellant further asserted that an adversary proceeding would only cause further delay and urged the bankruptcy court to order the trustee to abandon the property so that she could go back into state court to assert her rights to the property before a foreclosure sale took place. At the July 14, 2011 hearing on the trustee's motions, the bankruptcy court approved the sale of the property and the settlement over appellant's objections.

During the course of the proceedings, the trustee learned that during the foreclosure process, appellant twice attempted to convey her interest in the property to the Paula Aileen Besset Revocable Trust (Trust) — to herself as a co-trustee of the Trust and to other individuals as co-trustees of the Trust. The other individuals had filed chapter 13 petitions in several different divisions of the United States Bankruptcy Court for the Central District of California and had never met appellant, obtained a copy of the Trust nor agreed to be co-trustees. These transfers may have delayed the Bank's foreclosure sale.

On July 16, 2011, the trustee commenced an adversary proceeding against appellant and the transferees seeking the avoidance and recovery of fraudulent transfers and to sell the property under § 363(h). On September 23, 2011, the bankruptcy court entered a default judgment against all defendants.

On July 22, 2011, the bankruptcy court entered the order approving the sale of the property. On July 29, 2011, the court entered the order approving the settlement. Appellant did not appeal these orders.

The record shows that appellant did all she could to prevent the sale of the property. She thwarted the real estate agent's efforts to show the property. When appellant allowed the real estate agent to show the property, she stayed on the premises and pointed out the defects in the home to the prospective purchasers. She also failed to maintain the property. Then, when the trustee was ready to close escrow, appellant refused to cooperate by vacating the property. As a consequence, the trustee sought and obtained an emergency order from the bankruptcy court to aid in the sale[4] and a writ of possession. Eventually, a U.S. Marshal forcibly removed appellant from the property. Escrow closed on August 5, 2011.

On December 12, 2011, Johnson filed his first and final fee application, requesting $1,132 in fees and $104.85 in costs.

On December 16, 2011, the trustee filed his first and final fee application, requesting $20,000 in fees and $242.66 in costs. The trustee voluntarily reduced his fees from $22,355 to $20,000.

On December 20, 2011, PSDS filed its first and final fee application, requesting $30,000 in fees and $479 in costs. PSDS voluntarily reduced its fees from $48,029.50 to $30,000.

---

[4] Appellant moved to reconsider that order. The bankruptcy court denied her request on August 1, 2011.

On January 18, 2012, the bankruptcy court issued its tentative ruling, approving the fees and costs in full for all applicants and excusing their appearances at the scheduled hearing because the applications were unopposed. On the same day, appellant filed a declaration in opposition to the fee applications. Appellant requested an extension to oppose the fee applications because she needed to hire a new attorney after her prior attorney filed an application to withdraw. She also opposed the fee applications on the ground that she was losing her right to obtain the funds due to her from the equity in her home.

On January 19, 2012, the bankruptcy court held a hearing on the fee applications. Although appellant's opposition was untimely, the court allowed her to present her arguments. Apparently PSDS received appellant's late opposition because it attended the hearing. PSDS reiterated that appellant had no equity in the property. The bankruptcy court overruled appellant's objections on the grounds that her opposition was late, her actions increased the costs of administering the estate, and there was no equity in the property for her to receive. The court noted that the attorney lien creditors agreed that the trustee and his professionals could be paid from their part of the sales proceeds. Finally, the court pointed out to appellant that she would owe $10,000 more to her attorney creditors but for the settlement. The bankruptcy court approved the fees for appellees in the amounts requested by orders entered on February 1, 2012. Appellant timely appealed the orders.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court abused its discretion in awarding appellees their requested fees and costs.

## IV. STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's approval of administrative expenses.  In re Nucorp Energy, Inc., 764 F.2d 655, 657 (9th Cir. 1985).  A court abuses its discretion when it fails to identify and apply "the correct legal rule to the relief requested," United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir.2009)(en banc), or if its application of the correct legal standard was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'"  Id. at 1262.

## V. DISCUSSION

We first consider sua sponte whether appellant has standing to appeal the fee orders.  Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011) (standing is a necessary component of subject matter jurisdiction).  As noted, appellant had no equity in the property and the attorney lien creditors agreed that a portion of the proceeds belonging to them could be paid to the trustee and his professionals.  With no economic stake in the matter appellant was not "directly and adversely affected pecuniarily" by the bankruptcy court's decision to

-8-

award the fees and hence does not qualify as a "person aggrieved". <u>Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)</u>, 177 F.3d 774, 777 (9th Cir. 1999). Accordingly, appellant's appeal of the orders should be dismissed.

Even assuming appellant does have standing to appeal the fee orders, we affirm on the merits. In essence, appellant is unhappy that the carve out[5] from the attorney lien creditors' share of the sale proceeds was paid to the trustee and his professionals rather than to her even though there was no equity in the property. Appellant raises six issues on appeal which all relate, in one way or another, to the bankruptcy court's approval of the sale and settlement agreement. However, her arguments regarding the propriety of the sale and the legality of the carve out have already been adjudicated.

At the hearing on the trustee's motion to approve the sale and the settlement agreement, appellant appeared and argued then, as she does now, that: (1) the carve out for payment of administrative fees in the settlement agreement violated the distribution scheme under §§ 363 and 726; (2) as co-owner of the property she was entitled to the excess proceeds from the "equity" of the property; and (3) the bankruptcy court should have ordered the trustee to abandon the property so that she

---

[5] "[A] 'carve-out agreement' is generally understood to be 'an agreement by a party secured by all or some of the assets of the estate to allow some portion of its lien proceeds to be paid to others, i.e., to carve out of its lien position.'" <u>See</u> <u>In re U.S. Flow Corp.</u>, 332 B.R. 792, 796 (Bankr. W.D. Mich. 2005).

could pursue her remedies in the state court. The bankruptcy court rejected these arguments and later entered orders approving the sale and settlement.

Appellant did not appeal the sale and settlement orders. Therefore, those orders became final and we do not have jurisdiction to review them in this appeal. See Wiersma v. Bank of the W. (In re Wiersma), 483 F.3d 933, 938 (9th Cir. 2007) (stating that the provisions for timely filing of an appeal under Rule 8002 are jurisdictional).

The doctrine of issue preclusion also bars appellant from questioning the validity of the sale and settlement orders in this appeal. See Thomas v. Namba (In re Thomas), 2007 WL 7751299 (9th Cir. BAP 2009) aff'd 474 Fed. Appx. 500 (9th Cir. 2012).[6] Under this doctrine, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008) (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). "A party invoking issue preclusion must show: (1) the issue at stake is identical to an

[6] In Thomas, the debtor challenged the bankruptcy court's award of fees to the trustee and his attorney on the basis that the sale of her property was unnecessary. Because the sale order was final, the bankruptcy court reasoned that Thomas could not again raise issues about the sale as a basis for objecting to the fees. This Panel interpreted the bankruptcy court's ruling to be based on issue preclusion and found all elements for the doctrine were met. In re Thomas, 2007 WL 7751299, at *8-9. The Ninth Circuit affirmed, finding that issue preclusion barred Thomas from relitigating the propriety of the sale order under the guise of challenging the bankruptcy court's allowance of fees related to the sale. 474 Fed. Appx. at 502-03.

issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." Littlejohn v. United States, 321 F.3d 915, 923 (9th Cir. 2003).

Appellees have shown that these elements are satisfied here. Appellant's challenges to the fee orders in this appeal are directly related to, or the same as, the issues she raised in opposition to the trustee's sale and settlement motions. Those issues were actually litigated and a critical and necessary part of the orders approving the sale and the settlement. Further, appellant had a full and fair opportunity to litigate the issues at the July 14, 2011 hearing on those matters. There is no question that the parties are the same. Accordingly, we exercise our discretion to apply the doctrine in this appeal.[7]

In short, appellant is bound by the bankruptcy court's earlier findings of fact and conclusions of law with respect to the sale and settlement orders. Appellant assigns no other

---

[7] Appellees also assert that because appellant did not appeal the sale or settlement orders, the bankruptcy court's findings and conclusions with respect to those orders constitute the "law of the case" as between appellant and appellees and should not be reopened in this appeal. Under the "law of the case doctrine," a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. In re Wiersma, 483 F.3d at 941. Although the sale and settlement orders may constitute the "law of the case" as between the parties and at the bankruptcy court, the doctrine is inapplicable in this appeal. We have not previously decided any issue in this appeal nor has a higher court, so the law of the case does not apply to the Panel.

errors to the bankruptcy court's decision to approve the fee orders in her opening brief. Issues which are not argued specifically and distinctly in a party's opening brief are waived. <u>City of Emeryville v. Robinson</u>, 621 F.3d 1251, 1261 (9th Cir. 2010).

**VI. CONCLUSION**

For the reasons stated, we AFFIRM.