# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER R. MCCULLOUGH,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
NANCY L. ALLF, DISTRICT JUDGE,
Respondents,
and
MIRACLE FLIGHTS FOR KIDS, A
501(c)(3) NON-PROFIT CORPORATION,
Real Party in Interest.

No. 71013



FILED

OCT 13 2017

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING IN PART PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order sanctioning an attorney for discovery violations.[1] Having considered the petition, answer, reply, and appendices filed in this matter, we are not persuaded that the district court arbitrarily or capriciously abused its discretion in sanctioning petitioner. NRCP 37(a)(4)(A); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see Foster v. Dingwall*, 126 Nev. 56, 65, 227 P.3d 1042, 1048 (2010) ("This court generally reviews a district court's imposition of a discovery sanction for abuse of discretion.").

---

[1]Because mandamus, rather than prohibition, appears to be the appropriate vehicle for challenging the district court's decision, we construe the petition as seeking a writ of mandamus. *City of Sparks v. Second Judicial Dist. Court*, 112 Nev. 952, 953 n.1, 920 P.2d 1014, 1015 n.1 (1996).

17-34970

The amount awarded as sanctions, however, is excessive and not supported by controlling law. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. NRCP 37(a)(4)(A) provides that, if a motion to compel is granted, the district court must sanction the party or attorney, or both, "whose conduct necessitated the motion" by ordering them to pay the opposing party "the reasonable expenses incurred in making the motion, including attorney's fees," unless the nondisclosure was justified or other circumstances make the award unjust.

The district court sanctioned petitioner because "the conduct of counsel was at least in part necessitating the motion," and the sanction should be proportionately limited to "the reasonable expenses incurred in making the motion" to compel. NRCP 37(a)(4)(A). The record, however, indicates that real party in interest submitted an affidavit in support of its fee request that included charges unrelated to the motion to compel, including charges for "Work on several outstanding items relating to state court case"; pre-motion to compel discovery work; the bankruptcy litigation; the withdrawn Brad Esposito affidavit; reviewing emails regarding medical lien reductions; the motion to strike Med Lien's and Esposito's answers; and unlumping its own attorney fee billings. These charges are not "reasonable expenses incurred in making the motion" to compel, and therefore should not have been awarded as part of the sanction. NRCP 37(a)(4)(A); *see also In re Thomas*, 474 F. App'x 500, 502 (9th Cir. 2012) (disallowing fees for unlumping); *Emerson v. Eighth Judicial Dist. Court*, 127 Nev. 672, 681, 263 P.3d 224, 230 (2011) ("Despite the district court's broad discretion to impose sanctions, a district court may only impose sanctions that are reasonably proportionate to the

litigant's misconduct." (alteration and quotation marks omitted)). Accordingly, we

ORDER the petition GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its July 11, 2016, order to the extent that it imposed sanctions against petitioner for fees and costs incurred for matters unrelated to the motion to compel.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Nancy L. Allf, District Judge
McCullough, Perez & Dobberstein, Ltd.
McDonald Carano LLP/Las Vegas
Christiansen Law Offices
Eighth District Court Clerk