IN THE SUPREME COURT OF THE STATE OF NEVADA

JAIME ROBERTO SALAIS; AND TOM
MALLOY CORPORATION, A/K/A, D/B/A
TRENCH SHORING COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
RONALD J. ISRAEL, DISTRICT
JUDGE,
Respondents,
  and
MAIKEL PEREZ-ACOSTA; AND
ROLANDO BESSU HERRERA,
Real Parties in Interest.

No. 83052

**FILED**

FEB 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAUMS OR IN THE ALTERNATIVE WRIT OF PROHIBITION

This is an original petition for a writ of mandamus, or in the alternative, prohibition, challenging a district court's order granting real parties in interest's motion to strike and imposing sanctions.

Petitioners Jaime Roberto Salais and Trench Shoring Company (Collectively TSC) challenge the district court's order granting real parties in interest Maikel Perez-Acosta and Rolando Bessu Herrera's joint motion to strike and imposing subsequent sanctions. The district court's order stems from its finding that TSC, as required by the Nevada Rules of Civil Procedure, failed to timely disclose Nancy Espinoza, a person deemed likely to have discoverable information, and the related emails Espinoza sent to TSC's counsel. Based on its findings, the district court sanctioned TSC by

22-05467

striking Espinoza and her related emails. Additionally, the district court struck TSC's answer regarding liability and awarded Perez-Acosta and Herrera attorney fees and costs. TSC now seeks a writ of mandamus to preclude enforcement of the district court's order.[1]

Writ relief is available when no plain, speedy, or adequate legal remedy exists. *See* NRS 34.170. Before turning to the merits of a petition, we must first decide whether to entertain the petition. The decision of whether to entertain a petition for a writ of mandamus or probation is solely within the discretion of this court, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and an appeal from a final judgment "is generally an adequate legal remedy . . . preclud[ing] writ relief," *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 223, 88 P.3d 840, 841 (2004).

TSC concedes that it could raise the issues in this petition in an appeal after a final judgment, but argues that remedy is inadequate for two reasons. First, it argues that the right to appeal is an ineffective remedy because the district court's sanction of striking their answer regarding liability precludes them from developing a full record for appeal. Second, relying on *City of Sparks*, 112 Nev. 952, 955-56, 920 P.2d 1014, 1016 (1996), it argues that this court has previously considered and granted writ relief

---

[1]TSC's petition seeks relief in the form of either a writ of mandamus or prohibition. TSC has not shown that relief in the form of a writ of prohibition would be appropriate. *See generally* NRS 34.320. Moreover, we have treated petitions seeking to challenge a district court's discretion in imposing sanctions as solely a petition for a writ of mandamus. *City of Sparks v. Second Judicial Dist. Court*, 112 Nev. 952, 953 n.1, 920 P.2d 1014, 1015 n.1 (1996). Thus, we treat TSC's petition solely as seeking relief in the form of a writ of mandamus.

where a district court abused its discretion when ordering sanctions and therefore it should do so now.

We are not persuaded by either of TSC's arguments that their appellate remedy is so inadequate that it requires our extraordinary intervention. Although there is precedent for us to entertain petitions concerning pretrial discovery orders, we have done so only when a party has no other plain, speedy, or adequate remedy at law. *See Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) (stating that this court generally will not review a discovery order through petitions for extraordinary relief except when the order concerns certain issues not applicable here). TSC's first argument effectively is one of convenience; if it prevails on a writ proceeding, it can assert its liability defense as opposed to having to wait to appeal, where, if it is successful, a new trial would likely be required so that it could present its case regarding liability. We recently rejected this argument as insufficient to overcome the presumption that an appeal from a final judgment is not a plain, speedy, or adequate remedy at law. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 683, 476 P.3d 1194, 1198 (2020) ("A remedy does not fail to be speedy and adequate, because, by pursuing it through the ordinary course of law, more time probably would be consumed than in a mandamus proceeding.").

Turning to TSC's second argument, although we entertained a petition regarding discovery sanctions in *City of Sparks*, 112 Nev. at 955-56, 920 P.2d at 1016, we are unpersuaded that our decision to entertain the petition in that case somehow now requires us to entertain every petition regarding discovery sanctions. It is within this court's sole discretion to entertain a petition for a writ of mandamus or prohibition, which we decide

on a case-by-case basis. *Smith,* 107 Nev. at 677, 818 P.2d at 851. Given that TSC has failed to show that it lacks a plain, speedy, or adequate remedy at law and that there are no countervailing facts showing that this court's extraordinary intervention is warranted, we exercise our discretion by declining to entertain the petition. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:   Hon. Ronald J. Israel, District Judge
      Hon. Linda M. Bell, Chief Judge
      Wood, Smith, Henning & Berman, LLP/Las Vegas
      Lemons, Grundy & Eisenberg
      The702Firm
      Drummond Law Firm
      Lewis Roca Rothgerber Christie LLP/Las Vegas
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A