TOWBIN DODGE, LLC, A Nevada Limited Liability Company; TOWBIN JEEP EAGLE, LLC, A Nevada Limited Liability Company TOWBIN NISSAN, INC., A Nevada Corporation; and TOWBIN AUTOMOTIVE, INC., Doing Business as TOWBIN INFINITY, Petitioners, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK, and THE HONORABLE KATHY A. HARDCASTLE, District Judge, Respondents, and OVERLAND FINANCIAL SERVICES, LLC, an Arizona Corporation; MAPFS CORP., a Suspended California Corporation; MICHAEL MACKENZIE, Trustee of MAPFS, a Suspended California Corporation; FEDERATED FUNDING, INC., an Unknown Entity; ROBERT DIXON, Individually; and HELLER FINANCIAL, INC., a Delaware Corporation, Real Parties in Interest.

No. 43750

June 9, 2005

112 P.3d 1063

*R. Clay Hendrix,* Las Vegas, for Petitioners.

*Allf, Paustain & Szostek* and *Nancy L. Allf* and *Timothy P. Thomas,* Las Vegas, for Real Parties in Interest Overland Financial Services, LLC, MAPFS Corp., and Michael MacKenzie.

*Santoro, Driggs, Walch, Kearney, Johnson & Thompson* and *Richard F. Holley* and *Oliver J. Pancheri,* Las Vegas, for Real Party in Interest Heller Financial, Inc.

# OPINION

*Per Curiam:*

In this petition, we consider whether an affidavit to disqualify a district judge, filed after contested pretrial matters were heard but almost immediately after the alleged basis for disqualification was discovered, was timely. NRS 1.235 sets forth the procedure for disqualifying district judges and requires that an affidavit be filed at least twenty days before trial or at least three days before any contested pretrial matter is heard. We conclude that the statute must be enforced as written. But when new grounds for disqualification are discovered after the statutory time has passed, the Nevada Code of Judicial Conduct provides an additional, independent basis for seeking disqualification through a motion under the governing court rules. Accordingly, since petitioners filed a statutory affidavit, not a motion under the Nevada Code of Judicial Conduct, their affidavit was untimely, and we deny the petition.

## FACTS

Attorney R. Clay Hendrix represents the petitioners, plaintiffs in the underlying district court case, *Towbin Dodge, LLC, et al. v. Overland Financial Services, LLC, et al.* (the *Towbin* case). The *Towbin* case is assigned to respondent Chief Judge Kathy A. Hardcastle. Petitioners concede that Judge Hardcastle heard and ruled upon several pretrial motions in the *Towbin* case before they moved to disqualify the judge on August 3, 2004.

Hendrix also represented a plaintiff in another case before Judge Hardcastle, styled *Benoy v. Fitzgeralds Las Vegas, Inc.* (the *Benoy* case). The *Benoy* case involved different parties and was unrelated to the *Towbin* case. Hendrix began working on the *Benoy* case while employed at the Law Offices of Richard McKnight, P.C. Hendrix then left to start his own firm, and he states that the termination of his relationship with McKnight was "less than cordial." McKnight filed an attorney's lien in the *Benoy* case.

Upon learning that the *Benoy* case had settled, McKnight filed a motion to adjudicate the attorney's lien. The hearing on this motion took place before Judge Hardcastle on August 2, 2004. At the hearing, McKnight represented that when Hendrix left McKnight's

employ, they had orally agreed to equally split any contingency fees on files Hendrix took with him. Hendrix disputed McKnight's representation and stated that no agreement had been reached. Hendrix further contended that the only work he performed on the *Benoy* case while employed with McKnight was drafting one demand letter and a simple complaint. According to Hendrix, he performed virtually all of the work on the matter after terminating his relationship with McKnight. At the hearing, Judge Hardcastle ruled that the contingency fee in the *Benoy* case should be split equally between Hendrix and McKnight.

The next day, August 3, 2004, petitioners filed an affidavit of bias and prejudice under NRS 1.235 in the *Towbin* case, seeking to disqualify Judge Hardcastle. Petitioners assert that by ruling as she did, Judge Hardcastle necessarily found Hendrix to be not credible, and thus she is biased against him.

On August 4, 2004, Judge Hardcastle struck the affidavit as untimely, stating that she had "heard and ruled on many pre-trial motions in this case." But she granted a temporary stay so that petitioners could file a writ petition with this court.

Petitioners filed the instant petition, which challenges Judge Hardcastle's order striking the affidavit. Petitioners also ask this court to consider the merits of their request and to disqualify Judge Hardcastle. We granted a stay and directed the real parties in interest to file an answer to the petition. Real parties in interest Overland Financial, MAPFS Corp., Michael MacKenzie and Heller Financial filed timely answers. The remaining real parties in interest did not respond to our order.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station,[1] or to control an arbitrary or capricious exercise of discretion.[2] A writ of mandamus will not issue, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law.[3] Further, mandamus is an extraordinary remedy, and it is within the discretion of this court to determine if a petition will be considered.[4] We have previously noted that a petition for a writ of

---

[1]*See* NRS 34.160.

[2]*See Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

[3]NRS 34.170.

[4]*Poulos v. District Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also Smith v. District Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

mandamus is the appropriate vehicle to seek disqualification of a judge.[5]

Nevada has two statutes governing disqualification of district court judges. NRS 1.230 lists substantive grounds for disqualification, and NRS 1.235 sets forth a procedure for disqualifying district court judges. Hendrix first argues that Judge Hardcastle lacked authority to consider the affidavit's timeliness. The real parties in interest assert that our case law interpreting SCR 48.1, governing peremptory challenges against judges, supports the district court's exercise of jurisdiction to consider the timeliness of an affidavit of bias and prejudice.

In *Jacobson v. Manfredi,*[6] we approved a district judge's actions in evaluating the timeliness of an affidavit, although we did not explicitly address the judge's authority to do so.[7] Similarly, we have expressly held that a district judge may consider the timeliness of a peremptory challenge under SCR 48.1.[8] Accordingly, we conclude that Judge Hardcastle properly considered the timeliness issue.

Petitioners and the real parties in interest base their arguments concerning the timeliness of petitioners' affidavit on different parts of NRS 1.235. The statute provides, with emphasis added:

> 1. Any party to an action or proceeding pending in any court other than the Supreme Court, who seeks to disqualify a judge for actual or implied bias or prejudice must file an affidavit specifying the facts upon which the disqualification is sought. The affidavit of a party represented by an attorney must be accompanied by a certificate of the attorney of record that the affidavit is filed in good faith and not interposed for delay. Except as provided in subsections 2 and 3, the affidavit must be filed:
> (a) Not less than 20 days before the date set for trial or hearing of the case; or
> (b) Not less than 3 days before the date set for the hearing of any pretrial matter.
> 2. Except as otherwise provided in this subsection and subsection 3, if a case is not assigned to a judge before the

---

[5]*City of Sparks v. District Court,* 112 Nev. 952, 954, 920 P.2d 1014, 1015-16 (1996).

[6]100 Nev. 226, 679 P.2d 251 (1984).

[7]*Id.* at 230, 679 P.2d at 253-54.

[8]*See Nevada Pay TV v. District Court,* 102 Nev. 203, 205, 719 P.2d 797, 798 (1986).

time required under subsection 1 for filing the affidavit, the affidavit must be filed:

(a) Within 10 days after the party or his attorney is notified that the case has been assigned to a judge;

(b) Before the hearing of any pretrial matter; or

(c) Before the jury is empaneled, evidence taken or any ruling made in the trial or hearing, whichever occurs first. *If the facts upon which disqualification of the judge is sought are not known to the party before he is notified of the assignment of the judge or before any pretrial hearing is held, the affidavit may be filed not later than the commencement of the trial or hearing of the case.*

Hendrix argues that the emphasized language applies to his affidavit. Since his affidavit was based solely on the events that occurred at the August 2 hearing in the *Benoy* case and was promptly filed the next day, Hendrix maintains that it was timely. The district court applied subsection 1 of the statute, which provides that an affidavit is untimely if the challenged judge has already ruled on disputed issues.

Hendrix's argument concerning the language in subsection 2 is flawed, because subsection 2 applies only when a judge is not assigned until after subsection 1's time for filing an affidavit has passed. Here, Judge Hardcastle was assigned to the case well within the time required by subsection 1, and so the exception in subsection 2 for newly discovered grounds does not apply. Consequently, Judge Hardcastle correctly concluded that the affidavit was untimely, as she had ruled on contested pretrial matters.[9]

Subsection 1 provides no remedy for situations such as this one, when grounds for disqualification are discovered only after the time periods in subsection 1 have passed. Here, Hendrix's affidavit was based solely on the events that occurred at the August 2 hearing, and the affidavit was promptly filed the next day. Clearly, then, the alleged basis for disqualification was not known, and could not reasonably have been known, in time to meet the deadlines under NRS 1.235(1). Our case law discussing judicial disqualification is of limited assistance, because we have generally held that a particular affidavit or motion was both untimely and lacked merit,[10] or we have concluded that the affidavit or motion

---

[9]*See Valladares v. District Court,* 112 Nev. 79, 83-84, 910 P.2d 256, 259-60 (1996) (holding that the affidavit must be filed before the earlier of twenty days before trial or three days before any contested pretrial matter).

[10]*See City of Sparks,* 112 Nev. at 954, 920 P.2d at 1016; *Snyder v. Viani,* 112 Nev. 568, 916 P.2d 170 (1996); *Valladares,* 112 Nev. 79, 910 P.2d 256; *Whitehead v. Comm'n on Jud. Discipline,* 110 Nev. 380, 422-29, 873 P.2d 946, 972-77 (1994); *Brown v. F.S.L.I.C.,* 105 Nev. 409, 777 P.2d 361 (1989);

was both timely (or excused on an equitable basis) and meritorious.[11] For example, in *Valladares v. District Court*,[12] we held that an affidavit of bias and prejudice was untimely when it was filed eight minutes before an arraignment. But we nevertheless also considered the affidavit's merits, and we concluded that the petitioner had not established disqualifying bias or prejudice. In contrast, in *Matter of Parental Rights as to Oren*,[13] we held that an affidavit filed after trial had already begun was timely because it was filed promptly after appellant discovered grounds for disqualification, and we then held that disqualification was required.

Nevertheless, one prior case, *PETA v. Bobby Berosini, Ltd.*,[14] provides a basis for seeking judicial disqualification when grounds are discovered beyond the time limits of NRS 1.235. We held in *PETA* that the Nevada Code of Judicial Conduct (NCJC) sets forth not only ethical requirements for judges, but can also provide a substantive basis for judicial disqualification. NCJC Canon 3E specifically sets forth grounds for disqualification, and provides in pertinent part:

### CANON 3
**A judge shall perform the duties of judicial office impartially and diligently.**

. . . .

E.    Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it;

(c) the judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent or child wherever residing, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject

---

*Ainsworth v. Combined Ins. Co.*, 105 Nev. 237, 774 P.2d 1003 (1989), *modified on other grounds by Powers v. United Servs. Auto. Ass'n*, 114 Nev. 690, 962 P.2d 596 (1998); *Jacobson*, 100 Nev. at 229-31, 679 P.2d at 253-54.

[11]*See Matter of Parental Rights as to Oren*, 113 Nev. 594, 939 P.2d 1039 (1997); *PETA v. Bobby Berosini, Ltd.*, 111 Nev. 431, 894 P.2d 337 (1995).

[12]112 Nev. 79, 910 P.2d 256.

[13]113 Nev. 594, 939 P.2d 1039.

[14]111 Nev. at 435, 894 P.2d at 340.

matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding;

(d) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) is a party to the proceeding, or an officer, director or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding.

(e) Reserved.

(f) the judge, while a judge or a candidate for judicial office, has made a public statement that commits, or appears to commit, the judge with respect to

(i) an issue in the proceeding; or

(ii) the controversy in the proceeding.

In *PETA,* we did not set forth any procedural mechanism for seeking disqualification based on the NCJC. Instead, we analogized to NRAP 35 (concerning disqualification of supreme court justices) and considered the *PETA* respondents' motion on its merits.[15] Of particular pertinence to this case, we did not specify any procedure to be followed at the district court level, because *PETA* concerned a motion to disqualify a district judge sitting as a substitute justice of this court. We take this opportunity to clarify the procedure to be followed when a party seeks to disqualify a district judge, and we look to federal practice for guidance.

Federal law contains two separate, independent methods for seeking a judge's disqualification. 28 U.S.C. § 144[16] bears similarities to both NRS 1.235 and SCR 48.1, which governs peremptory challenges. Like NRS 1.235, § 144 applies specifically to the dis-

---

[15]*Id.* at 433 n.2, 894 P.2d at 338 n.2.

[16]28 U.S.C. § 144 (2000) provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

trict court and requires the party seeking to disqualify a judge to file an affidavit setting forth the facts and reasons supporting the allegation of bias. But unlike NRS 1.235, which permits the challenged judge to respond, and which requires another judge to determine whether actual or implied bias or prejudice exists, § 144 operates like SCR 48.1, in that the matter is automatically transferred to another judge.[17]

The other federal statute concerning judicial disqualification, 28 U.S.C. § 455, is substantially similar to NCJC Canon 3E.[18] Like Canon 3E, § 455 applies to all justices and judges, and it contains no procedural mechanism for enforcement.[19] Nevertheless, the fed-

---

[17]See SCR 48.1(2).

[18]28 U.S.C. § 455 (2000) provides, in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

[19]See 28 U.S.C. § 455 (2000); see also U.S. v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996); Lindsey v. City of Beaufort, 911 F. Supp. 962, 967 (D.S.C. 1995); see generally 12 James Wm. Moore, Moore's Federal Practice §§ 63.60-63.63 (3d ed. 2005).

eral courts follow a procedure whereby a party may move to disqualify a federal judge based on the grounds listed in § 455.[20] The federal courts have generally required that such motions be filed as soon as possible after the moving party learns of the grounds for disqualification.[21] Additionally, the motion should allege facts demonstrating that "the judge's impartiality might reasonably be questioned."[22] The motion's allegations are not deemed to be true and may be controverted by the challenged judge.[23] Finally, the challenged judge may elect to decide the motion or to refer the motion to another judge.[24]

We conclude that the federal procedure provides a convenient method for enforcing Canon 3E in situations when NRS 1.235 does not apply. Thus, if new grounds for a judge's disqualification are discovered after the time limits in NRS 1.235(1) have passed, then a party may file a motion to disqualify based on Canon 3E as soon as possible after becoming aware of the new information. The motion must set forth facts and reasons sufficient to cause a reasonable person to question the judge's impartiality, and the challenged judge may contradict the motion's allegations. We deviate from federal practice in one respect, however. While the federal procedure permits the challenged judge to hear the motion, we share the concerns identified by some federal courts when the challenged judge decides the motion.[25] Thus, the motion must be referred to another judge. To the extent that our opinion in *PETA* suggests that motions under the NCJC must meet timelines contained in other provisions, such as NRS 1.235 or NRAP 35, it is

[20]*See Lindsey,* 911 F. Supp. at 967.

[21]*See Travelers Ins. Co. v. Liljeberg Enterprises, Inc.,* 38 F.3d 1404, 1410 (5th Cir. 1994) (holding that party seeking disqualification must do so at the earliest moment after knowledge of facts demonstrating a basis for disqualification); *U.S. v. Owens,* 902 F.2d 1154, 1155 (4th Cir. 1990) (stating that "[t]imeliness is an essential element of a recusal motion"); *see also E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1295 (9th Cir. 1992) (denying motion for disqualification as untimely, but declining to adopt per se rule).

[22]NCJC Canon 3E(1); *see also PETA,* 111 Nev. at 436, 894 P.2d at 340 (setting forth test for determining whether a judge should be disqualified); *Lindsey,* 911 F. Supp. at 967 n.4 (stating that a motion to disqualify under § 455 must state facts and reasons sufficient to show that a reasonable person would harbor doubts about the judge's impartiality).

[23]*See United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir. 1985); *Mass. School of Law at Andover v. Amer. Bar Ass'n,* 872 F. Supp. 1346, 1349 (E.D. Pa. 1994).

[24]*See El Fenix de Puerto Rico v. The M/Y Johanny,* 36 F.3d 136, 142 n.8 (1st Cir. 1994); *U.S. v. Craig,* 853 F. Supp. 1413, 1415 (S.D. Fla. 1994).

[25]*See, e.g., In re Bernard,* 31 F.3d 842, 843 (9th Cir. 1994).

overruled.[26] Similarly, our decision in *Matter of Parental Rights as to Oren* is overruled to the extent that it held the disqualification affidavit in that case timely under NRS 1.235.[27]

Writ relief is not warranted in this instance because petitioners have an adequate remedy at law in the form of a motion to disqualify based on the Code of Judicial Conduct, as set forth in this opinion. Accordingly, we deny the petition.[28]

---

[26]*See* 111 Nev. at 433 n.2, 894 P.2d at 338 n.2.

[27]*See* 113 Nev. at 598-99, 939 P.2d at 1042.

[28]We make no comment on the merits of Hendrix's disqualification request.