# IN THE SUPREME COURT OF THE STATE OF NEVADA

LANCE T. POSNER; AND EVA POSNER,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DAVID B. BARKER, DISTRICT JUDGE,
Respondents,
and
RONALD TASSELY,
Real Party in Interest.

No. 69403

FILED

FEB 0 1 2016


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order denying a motion to disqualify District Court Judge Ronald J. Israel. Having considered the petition and appendix, we deny the petition. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008) (indicating that whether to consider a writ petition is within this court's discretion).

As an initial matter, the petition includes very few citations to the appendix. Petitioners are required to support their statements of fact with citations to the appendix, *see* NRAP 21(a)(3)-(4); *see also* NRAP 28(e)(1) ("Every assertion in briefs regarding matters in the record shall be supported by a reference to the page and volume number, if any, of the appendix where the matter relied on is to be found."), and this court may decline to consider petitions that are not supported with such citations, *see Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 997, 860 P.2d 720, 725 (1993) ("This court need not consider the contentions of an appellant where the

16-03367

appellant's opening brief fails to cite to the record on appeal."); *see also Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (describing petitioners' NRAP 21(a)(4) burden to provide all documents necessary for this court "to understand the matters set forth in the petition").

But even if this court were to consider the petition, it lacks merit. After reviewing the appendix, we can discern no actions of the district court, as memorialized in the provided transcript, that constitute misconduct or bias warranting judicial disqualification. *Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 260, 112 P.3d 1063, 1069 (2005) (indicating that disqualification is warranted when there are sufficient facts and reasons "to cause a reasonable person to question the judge's impartiality"). We have also previously considered the sanctions portion of the alleged misconduct and concluded that the issue was moot due to the district court's reinstatement of petitioners' answers to real party in interest's requests for admissions and deduction of the monetary sanctions from the award of attorney fees. *Posner v. Tassely,* Docket No. 63326 (Order of Affirmance, Jan. 9, 2015).

And finally, we decline to impose any rule requiring disqualification of a judge merely based upon a party filing a civil rights action against the judge, especially when the judge's actions that are the subject of the civil rights action were taken in the judge's official capacity.[1]

---

[1]Petitioners also sued all members of this court in that same civil rights action. As to that situation, "there is a maxim of law to the effect that where all are disqualified, none are disqualified." *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 483 (N.D. Tex. 1975) (citing *Evans v. Gore*, 253 U.S. 245, 247-48 (1920), *overruled on other grounds by United States v. Hatter*, 532 U.S. 557, 567 (2001)).

*See Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) (collecting cases). Such a rule would encourage "judge-shopping" and allow the parties to manipulate the judiciary to obtain a judge whom they perceive to be more favorably inclined to their case. *See id.*

Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. David B. Barker, District Judge
Robert W. Lueck, Esq.
Nitz Walton & Heaton, Ltd.
Eighth District Court Clerk

---

[2]We acknowledge that, as petitioners' statistics indicate, motions for judicial disqualification are rarely granted. But this reflects the high standards to disqualify a sitting judge and a judge's duty to hear all cases before him or her. *See Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1253, 148 P.3d 694, 700 (2006) ("[A] judge has a general duty to sit, unless a judicial canon, statute, or rule requires the judge's disqualification.").

Real party in interest's motion for sanctions is denied without prejudice to his seeking such relief in the district court. *See Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981).

Petitioners' motion for enlargement of time is denied.