# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS SANDS CORP., A NEVADA CORPORATION; SANDS CHINA LTD., A CAYMAN ISLANDS CORPORATION; SHELDON G. ADELSON, IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY; AND VENETIAN MACAU LTD., A MACAU CORPORATION, Petitioners,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE DAVID B. BARKER, DISTRICT JUDGE, Respondents,

and

STEVEN C. JACOBS, Real Party in Interest.

No. 69802

FILED

MAY 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of prohibition or mandamus challenging district court orders denying motions to disqualify Judge Elizabeth Gonzalez. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

### FACTS

Real party in interest Steven Jacobs filed a complaint in the underlying matter against petitioners Las Vegas Sands Corp. (LVSC), Sheldon Adelson (Adelson), and their codefendants arising out of Jacobs' termination as CEO of Sands' Macau operations. LVSC filed a motion to disqualify Judge Gonzalez based on her decision not to recuse herself from ruling on the validity of objections raised by LVSC regarding media-

related deposition questions posed to Patrick Dumont, Sheldon Adelson's son-in-law and an LVSC officer. Chief District Judge David Barker issued an order denying LVSC's motion. Thereafter, LVSC filed a motion for withdrawal and reconsideration of Judge Barker's order denying its motion to disqualify Judge Gonzalez. Judge Barker also denied this motion.

LVSC timely filed the instant petition requesting that this court issue a writ of mandamus (1) clarifying that parties seeking disqualification under the Nevada Code of Judicial Conduct (NCJC) and NRS 1.230 are entitled to full briefing and the opportunity to present evidence at an open hearing; and (2) directing Judge Barker to vacate his January 29 and February 17, 2016, orders and issue an order disqualifying Judge Gonzalez from continuing to preside over the underlying matter. Additionally, at oral argument before this court, LVSC argued that Judge Gonzalez should be disqualified under NCJC Rule 2.10. For the reasons stated below, we do not perceive an abuse of discretion in this matter and deny the petitioner's request for extraordinary relief.

The underlying matter was randomly assigned to Judge Gonzalez in 2010. In September 2015, Jacobs filed an amended complaint against LVSC, Sands China Ltd., Venetian Macau Ltd., and Adelson alleging various contract, defamation, and wrongful termination claims. The underlying matter has been heavily covered in the media. Notably, media coverage intensified in 2015 when the *Las Vegas Review-Journal* (*Review-Journal*) was purchased under public speculation that Adelson was connected to the transaction and that the purchase was related to the underlying matter.

In November 2015, Judge Gonzalez observed and approached a *Review-Journal* reporter in her courtroom. Upon inquiry, the reporter informed Judge Gonzalez that his boss instructed him to attend the hearing. In December 2015, the *Review-Journal* published an article indicating that reporters at the newspaper had previously been instructed to spend two weeks monitoring all activity of three Clark County judges, including Judge Gonzalez.

In January 2016, *Time Magazine* (*Time*) contacted Judge Gonzalez for an interview in which she answered questions about her background, matters relating to the public nature of the underlying matter, and the history of reporters from the *Review-Journal* attending proceedings before her. During the interview, Judge Gonzalez described her November interaction with the *Review-Journal* reporter. The related article was published on January 7, 2016.

Thereafter, Judge Gonzalez held a hearing regarding various motions wherein she addressed LVSC's relevancy objections to deposition questions posed to Dumont. LVSC objected to questions pertaining to Dumont's contact with the media because they were not relevant to Jacobs' defamation claims. LVSC requested that Judge Gonzalez recuse herself due to her personal interest in the media's coverage of the underlying matter. Judge Gonzalez refused to recuse herself and instituted a review process for objections made to media-related questions. Questions regarding media coverage of the litigation generally were to be directed to the discovery commissioner and another district judge, while any questions regarding Jacobs specifically would be directed to Judge Gonzalez.

The following day, LVSC filed a motion to disqualify Judge Gonzalez. Therein, LVSC argued that, because Judge Gonzalez participated in the interview with *Time*, approached the *Review-Journal* reporter in her courtroom, and proposed a method for resolving objections regarding media-related questions, Judge Gonzalez should have recused herself on the matter under NCJC Rules 1.2 and 2.11. Additionally, LVSC argued that disqualification was warranted under NRS 1.230 and that its motion to disqualify was proper under NRS 1.235. LVSC did not refer to or cite NCJC Rule 2.10, which specifically addresses judicial statements on pending and impending cases. In response, Judge Gonzalez filed a declaration addressing LVSC's arguments. Therein, Judge Gonzalez stated that she had no bias or prejudice toward LVSC or any of its officers.

Judge Barker issued an order denying LVSC's motion to disqualify Judge Gonzalez. Judge Barker concluded that LVSC "fail[ed] to establish sufficient factual grounds warranting disqualification," and "[LVSC's] omission of any reference to disqualification under NCJC 2.10 serves as its acknowledgment that Judge Gonzalez's media comments are not judicial statements on this pending case."

LVSC later filed a motion for withdrawal and reconsideration of Judge Barker's order denying its motion to disqualify Judge Gonzalez, arguing that the order was premature because NRS 1.235 requires that the district court hold a hearing before ruling on the motion to disqualify. Once again, LVSC did not refer to NCJC Rule 2.10. Judge Gonzalez filed an additional declaration in which she addressed the arguments raised in LVSC's motion for withdrawal and reconsideration.

On February 17, 2016, Judge Barker issued an order denying LVSC's motion for withdrawal and reconsideration. Judge Barker

referred to *Rivero v. Rivero*, 125 Nev. 410, 438-39, 216 P.3d 213, 233 (2009), and concluded that LVSC was not entitled to a hearing on its motion to disqualify because it failed to establish legally cognizable grounds to support an inference of bias.

## DISCUSSION

LVSC has the burden of demonstrating that this court's intervention to provide extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). This court has previously recognized "that a petition for a writ of mandamus is the appropriate vehicle to seek disqualification of a judge." *Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 254-55, 112 P.3d 1063, 1066 (2005). Nonetheless, whether a writ of mandamus will be considered "is within this court's discretion." *Libby v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 39, 325 P.3d 1276, 1278 (2014). This court may address writ petitions when they "raise important issues of law in need of clarification, involving significant public policy concerns, of which this court's review would promote sound judicial economy." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 142-43, 127 P.3d 1088, 1096 (2006). Therefore, we will address LVSC's petition because it is the appropriate vehicle to seek disqualification of a judge and because its resolution will promote judicial economy. Because our discretionary intervention is warranted we must now determine whether the district court properly applied this court's precedent in denying LVSC's motion to disqualify Judge Gonzalez and LVSC's motion for withdrawal and reconsideration.

Generally, this court reviews a district court decision to deny a motion to disqualify for an abuse of discretion. *Ivey v. Eighth Judicial*

*Dist. Court*, 129 Nev., Adv. Op. 16, 299 P.3d 354, 359 (2013). This court gives substantial weight to a judge's determination that she may not voluntarily recuse herself and will not overturn such a decision absent a clear abuse of discretion. *Goldman v. Bryan*, 104 Nev. 644, 649, 764 P.2d 1296, 1299 (1988), *disavowed on other grounds by Halverson v. Hardcastle*, 123 Nev. 245, 266, 163 P.3d 428, 443 (2007). However, "[w]e review questions of law, including questions of constitutional interpretation and statutory construction, de novo." *Lawrence v. Clark Cty.*, 127 Nev. 390, 393, 254 P.3d 606, 608 (2011).

*LVSC failed to properly raise the argument that Judge Gonzalez should be disqualified pursuant to NCJC Rule 2.10*

During oral argument before this court, counsel for LVSC stated that it had previously argued to the district court that Judge Gonzalez's participation in the *Time* interview and contact with the *Review-Journal* reporter constituted a violation of NCJC Rule 2.10. We disagree.

Generally, a point not raised in the district court "is deemed to have been waived and will not be considered on appeal." *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Additionally, this court need not consider claims that are not cogently argued or supported by relevant authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

We conclude that the record is devoid of specific reference to NCJC Rule 2.10. Accordingly, LVSC failed to properly raise this argument before the district court. We therefore decline to address it. While LVSC referred to the NCJC Rules 1.2 and 2.11 and the NCJC generally to support its contention that Judge Gonzalez should be

disqualified, it failed to argue to the district court that Judge Gonzalez's conduct warranted disqualification under NCJC Rule 2.10. Judge Barker noted as much in his order denying LVSC's motion to disqualify Judge Gonzalez. Thus, we decline to address this argument on appeal.

*Judge Barker did not abuse his discretion in denying LVSC's motion to disqualify Judge Gonzalez and LVSC's motion for withdrawal and reconsideration*

LVSC argues that Judge Barker abused his discretion by denying its motion to disqualify Judge Gonzalez and by summarily denying its motion without providing LVSC with an open hearing and additional briefing on the matter. We disagree.

Judges have a "duty to preside . . . in the absence of some statute, rule of court, ethical standard, or other compelling reason to the contrary." *Goldman*, 104 Nev. at 649, 764 P.2d at 1299 (internal quotation marks omitted). Further, "[a] judge is presumed to be impartial, and the party asserting the challenge carries the burden of establishing sufficient factual grounds warranting disqualification." *Rippo v. State*, 113 Nev. 1239, 1248, 946 P.2d 1017, 1023 (1997). "Disqualification must be based on facts, rather than mere speculation." *Id.*

We find nothing in the record to support the assertion that Judge Barker abused his discretion in denying LVSC's motion to disqualify Judge Gonzalez. Judge Barker thoroughly reviewed Judge Gonzalez's declarations and LVSC's argument that Judge Gonzalez's conduct created a reasonable perception that she was not impartial. Accordingly, Judge Barker correctly concluded that LVSC "fail[ed] to establish sufficient factual grounds warranting disqualification." We conclude that Judge Barker did not abuse his discretion in denying LVSC's motion to disqualify Judge Gonzalez.

Additionally, we conclude that Judge Barker correctly dismissed LVSC's motion to disqualify Judge Gonzalez without an evidentiary hearing pursuant to NRS 1.235. NRS 1.235 outlines the procedure for disqualifying judges. According to the statute, after a party files an affidavit alleging bias and the judge files an answer, "[t]he question of the judge's disqualification must thereupon be heard and determined by another judge agreed upon by the parties" or a judge appointed by other means. NRS 1.235(5)(b). It is well-founded in Nevada that, where a disqualification challenge fails to allege legally cognizable grounds supporting an inference of bias or prejudice, summary dismissal of the challenge is appropriate and a hearing on the matter is unnecessary. *See Hogan v. Warden*, 112 Nev. 553, 560, 916 P.2d 805, 809 (1996); *see also Ainsworth v. Combined Ins. Co. of Am.*, 105 Nev. 237, 270 774 P.2d 1003, 1026 (1989), *abrogated on other grounds by Powers v. United Servs. Auto. Ass'n*, 114 Nev. 690, 962 P.2d 596 (1998); *In re Petition to Recall Dunleavy*, 104 Nev. 784, 789, 769 P.2d 1271, 1274 (1988)). Thus, Judge Barker correctly applied this court's precedent in concluding that, because LVSC failed to establish legally cognizable grounds for Judge Gonzalez's disqualification, summary dismissal of LVSC's motion to disqualify Judge Gonzalez was appropriate. Therefore, we conclude that Judge Barker did not err in denying LVSC's motion for withdrawal and

reconsideration.[1]

     Accordingly, we

     ORDER the petition DENIED.[2]

                          , J.
               Hardesty

                          , J.
               Douglas

                          , J.
               Saitta

                          , J.
               Gibbons

cc:    Hon. David B. Barker, District Judge
       Alan M. Dershowitz
       Kemp, Jones & Coulthard, LLP
       Holland & Hart LLP/Las Vegas
       Morris Law Group
       Pisanelli Bice, PLLC
       Eighth District Court Clerk

---

[1]We have considered the petitioners' remaining arguments and conclude that they are without merit.

[2]The Honorables Ron D. Parraguirre, Chief Justice, and Kristina Pickering and Michael A. Cherry, Justices, did not participate in the decision of this matter.