# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVE LEIBOWITZ, AN INDIVIDUAL;
AND BARBARA ANN STRZELEC, AN
INDIVIDUAL,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE WILLIAM D.
KEPHART, DISTRICT JUDGE,
Respondents,
and
SANDRA HUNT, AN INDIVIDUAL,
Real Party in Interest.

No. 77377

FILED

DEC 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order denying petitioners' motion to require the return of money collected by the real party in interest pursuant to a judgment that was later vacated by this court. Petitioners' also ask this court to disqualify the respondent district court judge. Having reviewing the petition, we are not convinced that our intervention is warranted at this time for two reasons. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (stating that decision whether to entertain writ petition is discretionary).

First, petitioners have not carried their burden of demonstrating that extraordinary relief is warranted based on this court's mandate in Docket No. 70094. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioners carry the burden of demonstrating that extraordinary relief is warranted."). Contrary to

18-908112

petitioners' argument, the district court was not required to vacate its order confirming the arbitration award because our judgment on appeal in Docket No. 70094 had already vacated the order confirming the arbitration award. With respect to petitioners' right to restitution of the money taken in execution of the order confirming the arbitration award, the petition and the motion filed below do not adequately address petitioners' right to restitution in the circumstances presented—where this court did not address restitution or vacate the arbitration award, instead effectively reopening the question of whether the arbitration award should be confirmed or vacated by remanding for proceedings consistent with this court's decision that petitioners had presented prima facie grounds to vacate the arbitration award but that an evidentiary hearing was required to resolve material factual disputes. *See generally Restatement (Third) of Restitution and Unjust Enrichment* § 18 (Am. Law Inst. 1998). Because petitioners have not adequately developed those issues, they have not demonstrated at this juncture that the district court was required by this court's mandate in Docket No. 70094 or by law to order the real party in interest to return the money obtained in executing the vacated judgment confirming the arbitration award. *See* NRS 34.160 (providing that writ of mandamus may be issued "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station"); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (explaining that "[a] writ of mandamus will issue when the respondent has a clear, present legal duty to act" or when "discretion is manifestly abused or is exercised arbitrarily or capriciously").

Second, although "a petition for a writ of mandamus is the appropriate vehicle to seek disqualification of a judge," *Towbin Dodge, LLC*

SUPREME COURT
OF
NEVADA

(O) 1947A

*v. Eighth Judicial Dist. Court*, 121 Nev. 251, 254-55, 112 P.3d 1063, 1066, (2005), petitioners have an adequate remedy at law in the form of a motion to disqualify that precludes writ relief at this time, *id.* at 261, 112 P.3d at 1070. In fact, petitioners have used that alternative remedy, and their motion to disqualify the respondent district judge has been referred to the chief judge of the respondent judicial district. Writ relief therefore is not warranted at this time. *See* NRS 34.170 ("This writ [of mandamus] shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of the law.").

For these reasons, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. William D. Kephart, District Judge
Law Office of S. Don Bennion
Marquis Aurbach Coffing
Eighth District Court Clerk