137 Nev., Advance Opinion 71

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN PAUL DEBIPARSHAD, M.D., AN INDIVIDUAL; KEVIN P. DEBIPARSHAD PLLC, D/B/A SYNERGY SPINE AND ORTHOPEDICS; DEBIPARSHAD PROFESSIONAL SERVICES, LLC, D/B/A SYNERGY SPINE AND ORTHOPEDICS; ALLEGIANT INSTITUTE INC., A NEVADA DOMESTIC PROFESSIONAL CORPORATION, D/B/A ALLEGIANT SPINE INSTITUTE; JASWINDER S. GROVER, M.D., AN INDIVIDUAL; AND JASWINDER S. GROVER, M.D., LTD., D/B/A NEVADA SPINE CLINIC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE KERRY LOUISE EARLEY, DISTRICT JUDGE,
Respondents,
    and
JASON GEORGE LANDESS, A/K/A KAY GEORGE LANDESS,
Real Party in Interest.

No. 81596

FILED

DEC 02 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a trial judge's order that was entered while a motion to disqualify the judge was pending.

*Petition granted.*

21-34316

Lewis Brisbois Bisgaard & Smith, LLP, and Katherine J. Gordon and S. Brent Vogel, Las Vegas; Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno,
for Petitioners.

The Jimmerson Law Firm, P.C., and James J. Jimmerson, Las Vegas; Howard & Howard Attorneys PLLC and Martin A. Little and Alexander Villamar, Las Vegas,
for Real Party in Interest.

---

BEFORE THE SUPREME COURT, HARDESTY, C.J., STIGLICH and SILVER, JJ.

## OPINION

By the Court, HARDESTY, C.J.:

In this original writ petition, we are asked to determine the validity of a district court judge's order entered while a motion to disqualify that judge was pending. We conclude that, once a party files a motion to disqualify a judge pursuant to the Nevada Code of Judicial Conduct, that judge can take no further action in the case until the motion to disqualify is resolved. Further, if the motion is granted and the judge is disqualified, any order entered by the judge after the motion to disqualify was filed is void.

### FACTS AND PROCEDURAL HISTORY

Real party in interest Jason George Landess (also known as Kay George Landess) asserted medical malpractice claims against petitioners Dr. Kevin Paul Debiparshad and Dr. Jaswinder S. Grover and their respective professional entities (collectively, Debiparshad). During trial, Debiparshad sought to impeach the favorable character testimony

presented by Landess's employer, using an email authored by Landess that had been admitted into evidence by stipulation of the parties. Landess thereafter moved for a mistrial due to the introduction of inflammatory statements he made in the email, also seeking attorney fees and costs. Debiparshad filed his opposition to Landess's attorney fees motion and a countermotion for attorney fees. District Judge Rob Bare orally granted the mistrial motion on the next day of trial. Judge Bare postponed his decision on whether to award attorney fees and costs because of the mistrial.

Days later, Debiparshad filed a motion to disqualify Judge Bare under Nevada Code of Judicial Conduct (NCJC) Canon 2, Rule 2.11, based on Judge Bare's laudatory comments about Landess's counsel during trial and particularly during argument over Landess's motion to strike the email. NCJC Rule 2.11(A)(1) provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . [including when] [t]he judge has a personal bias or prejudice concerning a party or a party's lawyer." About two weeks after Debiparshad filed the disqualification motion, Judge Bare entered a written order reflecting his oral ruling granting the mistrial. Less than a week later, Judge Weise granted Debiparshad's motion to disqualify Judge Bare, finding that, due to Judge Bare's comments expressing his admiration of Landess's counsel, "a reasonable person, knowing all the facts, would harbor reasonable doubts about the judge[']s impartiality."

Thereafter, the case was assigned to respondent Judge Kerry Earley, who held a hearing on the parties' motions for attorney fees and costs. Judge Earley, "wholly incorporating" and relying on Judge Bare's written mistrial order, awarded costs to Landess because, under NRS 18.070(2), Debiparshad "purposefully caused the mistrial." Debiparshad

SUPREME COURT
OF
NEVADA

(O) 1947A

3

subsequently moved for relief from the findings set forth in Judge Bare's mistrial order, which Judge Earley denied. Debiparshad also moved for reconsideration of the order awarding costs, which was also denied. Debiparshad then filed this original petition for a writ of mandamus. In resolving this petition, this court must determine whether a district court judge may enter an order after a party has moved to disqualify that judge under NCJC Rule 2.11.

## DISCUSSION

*We elect to entertain Debiparshad's petition*

Debiparshad argues that this court should entertain this petition because it presents an issue of first impression and of statewide importance—whether a judge may enter orders in a case after a party moves to disqualify that judge under NCJC Rule 2.11. Landess does not dispute that this petition presents an important issue of first impression of statewide importance. Instead, Landess argues that Debiparshad's writ petition is barred by the doctrine of laches because it was not filed until almost a year after Judge Bare entered his written order granting a mistrial.

We conclude that the doctrine of laches does not apply here because Debiparshad promptly pursued legal redress during the one-year period following Judge Bare's written order. *Cf. Carson City v. Price*, 113 Nev. 409, 412, 934 P.2d 1042, 1044 (1997) (concluding that a claim for injunctive relief was barred under the doctrine of laches where the delaying party "did not promptly pursue legal action"). At the time Debiparshad filed the motion to disqualify, Judge Bare had already declared a mistrial and dismissed the jury. Though Debiparshad objected to the proposed written mistrial order, there was no reason to immediately seek further relief once the disqualification order was entered, as the mistrial had already been

declared and could not be undone. It was not until Judge Earley relied on the mistrial order in awarding costs to Landess that Debiparshad was harmed by the order. At that point, Debiparshad sought relief from the mistrial order and from the order awarding costs and then filed this petition a short time after both motions were denied. Thus, under these circumstances, we conclude that there was no inexcusable delay. *Id.* Further, Landess fails to demonstrate prejudice from any delay because, as noted by Debiparshad, the case was still pending retrial.[1] *Id.* ("[L]aches is more than a mere delay in seeking to enforce one's rights; it is a delay that works to the disadvantage of another.").

Having determined that Debiparshad's petition is not barred by the doctrine of laches, we now consider whether to entertain the petition. We may elect to entertain a petition for writ of mandamus "to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted). Alternatively, we will consider mandamus relief "where a petitioner present[s] legal issues of statewide importance requiring clarification, and our decision . . . promote[s] judicial economy and administration by assisting other jurists, parties, and lawyers." *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1198 (2020) (omission in original) (internal quotation marks omitted). Because Debiparshad's petition

---

[1]We note that the case has since been retried, resulting in a verdict in favor of Debiparshad.

presents a legal issue of first impression and public importance involving the authority of district court judges who are subject to a disqualification motion under the Judicial Code to continue to act in a case, and because Debiparshad has no other adequate remedy at law,[2] we elect to entertain this petition. *See id.* at 1199 ("[A]dvisory mandamus is appropriate only where it will clarify a substantial issue of public policy or precedential value.") (internal quotations omitted); *see also* NRS 34.170 ("[A] writ [of mandamus] shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law.").

*Judge Bare lacked authority to enter the written mistrial order*

Debiparshad argues that Judge Bare's written mistrial order is void because he entered it after the facts giving rise to his disqualification occurred and a motion to disqualify him was filed. He asks us to adopt the same disqualification procedure under NCJC Rule 2.11 as set forth in NRS 1.235(5), meaning that once a party files a motion to disqualify, the judge may not proceed any further with the matter. Landess asserts that Judge Bare orally declared a mistrial weeks before Debiparshad filed the motion to disqualify, and thus, the written order granting the mistrial was merely ministerial in nature and not void. We reject Landess's contention that the oral ruling is enforceable, as an order granting a mistrial is not effective until it is written, signed, and filed. *See Div. of Child & Family Servs., Dep't*

---

[2]The interlocutory costs order required immediate payment with no right to postpone that payment until an appeal from the final judgment could be taken to challenge it, although the district court ultimately granted a stay of the costs order upon Debiparshad posting a supersedeas bond. *See* NRCP 62(d); *Carlson v. Locatelli*, 109 Nev. 257, 259, 849 P.2d 313, 314 (1993) (providing that orders granting a mistrial are typically not appealable because they are not final orders).

*of Human Res. v. Eighth Judicial Dist. Court (J.M.R.)*, 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004) ("[D]ispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective."); *id.* at 451, 92 P.3d at 1243 (stating that "a court's oral pronouncement from the bench . . . [is] ineffective for *any purpose*" (quoting *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (alteration omitted))). Alternatively, Landess argues that the NCJC has not adopted the disqualification procedure outlined in NRS 1.235(5). Consequently, we must determine at what point a district court judge who is subject to a disqualification motion under NCJC Rule 2.11 may no longer take action in the case.

NRS 1.235(1) requires that a party seeking to disqualify a judge file an affidavit at least 20 days before trial or at least 3 days before any pretrial matter is heard. Thereafter, "the judge against whom an affidavit alleging bias or prejudice is filed shall proceed no further with the matter" except to transfer the case to another judge. NRS 1.235(5)(a). When, however, the grounds for disqualification are discovered only after the time for filing an affidavit under NRS 1.235(1) has passed, a party may timely file a motion to disqualify pursuant to NCJC Rule 2.11 "as soon as possible after becoming aware of the new information," and the motion must be adjudicated before the trial may continue. *Towbin Dodge, LLC v. Eighth Judicial Dist. Court,* 121 Nev. 251, 260, 112 P.3d 1063, 1069 (2005).[3]

---

[3]*Towbin Dodge* concerned former NCJC Canon 3E, which is now Canon 2. *See In re the Amendment of the Nev. Code of Judicial Conduct,* ADKT 427 (Order, Dec. 17, 2009). For clarity, we refer to the canon in its current form when discussing our holding in *Towbin Dodge*.

In *Towbin Dodge*, we noted that NCJC Rule 2.11, which requires a judge to "disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned," does not contain a procedural mechanism for enforcement. *Id.* at 257, 259, 112 P.3d at 1067, 1069. We specified the procedure for moving to disqualify a judge pursuant to NCJC Rule 2.11, explaining that, as with an affidavit filed under NRS 1.235, a motion to disqualify under NCJC Rule 2.11 must include the facts upon which the disqualification is based and must be referred to another judge for decision. *Id.* at 260-61, 112 P.3d at 1069-70; *see also Turner v. State*, 114 Nev. 682, 687, 962 P.2d 1223, 1226 (1998) (applying, without discussion, the NRS 1.235 procedural requirements to a motion to disqualify under both the statute and the NCJC). We did not, however, specifically address the issue before us now—whether a judge who is subject to a pending disqualification motion pursuant to NCJC Rule 2.11 may enter an order *after* the motion to disqualify has been made but before the disqualification motion has been resolved, as occurred here.

We conclude that once a motion to disqualify is filed by a party, the subject judge can take no further action in the case until the motion to disqualify is resolved. The NCJC requires a judge to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and [to] avoid impropriety and the appearance of impropriety." NCJC Rule 1.2. When a "judge's impartiality might reasonably be questioned," the judge must disqualify himself or herself from the proceeding. NCJC Rule 2.11(A). Any motion for disqualification filed pursuant to NCJC Rule 2.11 after the deadline established by NRS 1.235(1) must be timely under *Towbin Dodge* and based on new information learned or observed after the cutoff date, information which was not otherwise

SUPREME COURT
OF
NEVADA

(O) 1947A

8

known or ascertainable by the moving party. *Towbin Dodge*, 121 Nev. at 260-61, 112 P.3d at 1069-70. The disqualification motion must be adjudicated before the trial proceedings may continue. Consistent with his or her duties under the NCJC to avoid the appearance of impropriety, a judge should suspend proceedings and refrain from taking further substantive action in the case once a party moves to disqualify the judge.

We further conclude that any order entered by the judge while a timely motion to disqualify is pending becomes void should the judge later be disqualified. Voiding the orders of a judge whose impartiality has reasonably been questioned promotes confidence in the judiciary. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) (stating that 28 U.S.C. § 455(a), a statute substantially similar to NCJC Rule 2.11, is designed "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible"). While courts have split on whether orders entered by disqualified judges are void or merely voidable, Debiparshad timely challenged the court's order here, and we conclude that the order, entered after disqualifying acts arose and Debiparshad's motion to disqualify was filed, is properly deemed void. *See Christie v. City of El Centro*, 37 Cal. Rptr. 3d 718, 725 (Ct. App. 2006) ("[D]isqualification occurs when the facts creating disqualification arise, not when disqualification is established."); *see also Hoff v. Eighth Judicial Dist. Court*, 79 Nev. 108, 110, 378 P.2d 977, 978 (1963) ("That the actions of a district judge, disqualified by statute, are not voidable merely, but void, has long been the rule in this state."); *Frevert v. Smith*, 19 Nev. 363, 11 P. 273 (1886) ("[T]he general effect of the statutory prohibitions . . . [is] to render those acts of a judge involving the exercise of judicial discretion, in a case wherein he is disqualified from acting, not voidable merely, but void.").

Thus, Judge Bare's written mistrial order became void once the motion to disqualify was granted and should be vacated.

## CONCLUSION

Accordingly, we grant Debiparshad's petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate Judge Bare's mistrial order as void. Further, because the costs award was based upon the void order's findings, the writ of mandamus must also direct the district court to vacate the costs award and to reconsider the motion as to costs sanctions anew. As Debiparshad is not challenging the mistrial, nothing in this opinion should be read to disturb the trial proceedings stemming therefrom.[4]

_____, C.J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Silver

_____

[4]Given our disposition, we do not address Debiparshad's request for this court to interpret the phrase "purposely caused a mistrial" as used in NRS 18.070(2).