IN THE SUPREME COURT OF THE STATE OF NEVADA

ANNE BERQUIST,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE LINDA
MARIE BELL; AND THE HONORABLE
SUSAN JOHNSON, DISTRICT JUDGE,
Respondents,
and
THE LAS VEGAS PHILHARMONIC;
AND JERI CRAWFORD,
Real Parties in Interest.

No. 84811

FILED

NOV 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus seeks disqualification of a district court judge in a wrongful termination matter. Petitioner Anne Berquist filed a wrongful termination suit against her former employer, real party in interest the Las Vegas Philharmonic (the LVP) and its board member, real party in interest Jeri Crawford, alleging various fraud and contract-based claims. After the case was reassigned to Judge Susan Johnson, she conducted a hearing on the LVP and Crawford's joint motion to dismiss. During that hearing, Judge Johnson made comments about her knowledge of the LVP's existence when she was in high school and suggesting that the LVP's longevity in the community was indicative of it being a "healthy organization." Judge Johnson then granted the motion to dismiss, in part, dismissing all but one of Berquist's claims. Berquist moved to disqualify Judge Johnson, arguing that her comments at the motion to dismiss hearing indicated that she used extrajudicial

22-36089

knowledge in rendering her decision, which demonstrated bias in favor of the LVP. Chief Judge Linda Bell denied the motion, finding that Berquist did not establish sufficient factual or legal grounds for disqualification. Berquist filed the instant petition, arguing that the district court applied the wrong legal standard when ruling on her motion, and this court ordered real parties in interest to file an answer.

A writ of mandamus "is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (same). Although "a petition for a writ of mandamus is the appropriate vehicle to seek disqualification of a judge," *Ivey v. Eighth Judicial Dist. Court*, 129 Nev. 154, 158, 299 P.3d 354, 357 (2013), "[p]etitioner[ ] carr[ies] the burden of demonstrating that extraordinary relief is warranted." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (observing that "the issuance of a writ of mandamus . . . is purely discretionary with this court"). "[A] judge . . . is presumed not to be biased, and the burden is on the party asserting the challenge to establish sufficient factual grounds warranting disqualification." *Goldman v. Bryan*, 104 Nev. 644, 649, 764 P.2d 1296, 1299 (1988), *overruled in part on other grounds by Halverson v. Hardcastle*, 123 Nev. 245, 265, 163 P.3d 428, 442-43 (2007). A judge's decision that there are no grounds for disqualification is "given substantial weight and [will] not be overturned in the absence of a clear abuse of discretion." *Id.* (internal citation omitted).

Having reviewed the petition, answer, reply, and supporting documents, we conclude that the district court did not err by denying

Berquist's disqualification motion. *See PETA v. Bobby Berosini, Ltd.*, 111 Nev. 431, 438, 394 P.2d 337, 341 (1995) (explaining that whether a judge's "impartiality can reasonably be questioned under an objective standard . . . is a question of law" this court reviews de novo), *overruled on other grounds by Towbin Dodge, LLC v. Dist. Court*, 121 Nev. 251, 112 P.3d 1063 (2005). We first reject Berquist's argument that the district court applied an incorrect legal standard when considering her motion. *See Williams v. Waldman*, 108 Nev. 466, 471, 836 P.2d 614, 617-18 (1992) ("[I]n reaching a determination, the district court must apply the correct legal standard."). Because Judge Johnson's alleged bias stemmed from an extrajudicial source, the "objective reasonable person" standard set forth in *Ybarra v. State*, 127 Nev. 47, 51, 247 P.2d 269, 272 (2011) applied, and the district court's order made clear that it was applying that standard in its analysis.[1] *See id.* (explaining that the test for evaluating a judge's impartiality is "whether a reasonable person, knowing all the facts, would harbor reasonable doubts about [the judge's] impartiality." (quoting *PETA*, 111 Nev. at 438, 394 P.2d at 341)). We further agree with the district court that there is nothing in the record to suggest that Judge Johnson's remarks indicate an "improper bias or prejudice [because] they [do not] show that [she] has closed . . . her mind to the presentation of all the evidence." *Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998). We cannot conclude that Judge Johnson's comment about the LVP's long-

---

[1]While we agree with Berquist that the standard pronounced in *Kirksey v. State*, 121 Nev. 980, 1005-06, 923 P.2d 1102, 1118 (1996), differs from the reasonable person standard set forth in *Ybarra*, 127 Nev. at 51, 247 P.2d at 272, this court recently reaffirmed that the *Kirksey* standard applies when the judge "gained knowledge of . . . alleged prejudicial facts while acting in her official capacity." *Canarelli v. Eighth Judicial Dist. Court*, 138 Nev., Adv. Op. 12, 506 P.3d 334, 339 (2022).

SUPREME COURT
OF
NEVADA

(O) 1947A

3

standing presence in the Las Vegas community, without more, "would cause an objective person reasonably to doubt [her] impartiality."[2] *Ybarra*, 127 Nev. at 52, 247 P.3d at 272; *cf. Jacobson v. Manfredi by Manfredi*, 100 Nev. 226, 230, 679 P.2d 251, 254 (1984) (providing that disqualification is not warranted "merely because [the judge] knows one of the parties"). Because Berquist failed to meet her burden of demonstrating that disqualification was warranted, *Goldman*, 104 Nev. at 649, 764 P.2d at 1299, we are not convinced that our extraordinary intervention is warranted. Accordingly, we

ORDER the petition DENIED.[3]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:   Hon. Linda Marie Bell
      Hon. Susan Johnson, District Judge
      Gibson Lexbury LLP
      McDonald Carano LLP/Las Vegas
      Jolley Urga Woodbury Holthus
      Eighth District Court Clerk

---

[2]We decline to address Berquist's argument that Judge Johnson's rulings on the motion to dismiss were clearly erroneous, as there is no evidence that her ruling on the merits of that motion was influenced by her extrajudicial knowledge of the LVP's existence. *See Whitehead v. Nev. Comm'n on Judicial Discipline*, 110 Nev. 380, 428 n.45, 873 P.2d 946, 976 n.45 (1994) (stating "the rule that a disqualifying bias must stem from an extrajudicial source and result in an opinion on the merits").

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.